**TRUE v. GETTLER et ux.**

No. 4916.

Court of Civil Appeals of Texas. El Paso.

Feb. 4, 1953.

Rehearing Denied Feb. 25, 1953.

G. G. Hazel, Midland, for appellant.

Perkins, German, Mims & Bell, Midland, for appellees.

McGILL, Justice.

This appeal is from a judgment of the District Court of Midland County, 70th Judicial District.

Appellees Jerome A. Gettler and wife, Maxine A. Gettler, as plaintiffs sued appellant Frank L. True, Jr., and Rhea Paschall, d/b/a Midland Realeteria, as defendants, to recover $2,300 paid by plaintiffs to defendants by reason of a certain contract alleged to have been entered into by plaintiffs and defendants by which defendants agreed to sell to plaintiffs a certain lot in Midland County, and to construct a residence thereon according to certain plans therein specified. Plaintiffs alleged that they had paid defendants $2,-300 pursuant to said contract, but defendants had notified them that they did not ever intend to consummate same, although plaintiffs offered to pay and tendered to defendants the balance of the purchase money specified in the contract. In the alternative plaintiffs alleged that if defendants were not partners, the defendant Paschall was the agent of the defendant True in the transaction and executed the contract in the course of his employment.

There were alternative pleas for damages for breach of contract and for puni-tive damages on the ground of fraud. Trial was to the court and judgment rendered against defendants jointly and severally for $2,300, which was the sum alleged to have been paid by plaintiffs to defendants. Nothing was allowed for breach of contract or for exemplary, or punitive damages. Defendant True alone has appealed. No findings of fact and conclusions of law were requested or filed.

Appellant has presented four points, which are in substance that the court erred in overruling defendants' special exception to plaintiffs' petition relating to the written contract sued on, because such contract does not purport to be a contract of defendant Frank L. True, Jr.; the suit being based upon a written contract in which defendant True was not a party, the court erred in rendering judgment against appellant; the judgment is not supported by the evidence and the judgment is without adequate support in the pleadings of plaintiffs.

In their petition plaintiffs alleged:

"(B) That at the dates of the transactions hereinafter mentioned Defendants were partners in business under the firm name and style of Midland Realeteria; that all of the acts hereunder complained of were within the scope of such partnership business and were performed for and on behalf of such partnership."

Defendants did not deny this allegation by verified affidavit. Therefore, the partnership must be taken as admitted without proof. Rule 93(f), R.C.P.; Curry v. E. E. Stone Lumber Co., Tex.Civ.App., 218 S.W. 2d 293, loc. cit. 296 (w. r. n. r. e.). It was, nevertheless, incumbent upon plaintiffs to prove that the acts of Paschall of which they complain and in which True did not participate were within the scope of the partnership business. Curry v. E. E. Stone Lumber Co., supra.

The contract above referred to is here reproduced:

"The State of Texas
County of Midland

"By This Agreement And Contract, Rhea *Pascall* herein after called Seller, acting

through the undersigned and duly authorized agent, hereby sells and agrees to convey (or cause to be conveyed) unto Jerome A. Gettler and wife, Maxine A. Gettler, hereinafter called purchaser, and said purchaser hereby agrees to buy and to pay for the following described property; lying and situated in the County of Midland, State of Texas, Lot 2, Blk 8, Barber Cole Addition, Midland Texas. "The purchase price is $11,500.00, payable as follows: $500.00 cash (of which purchaser has deposited with the undersigned as part payment, receipt of which is hereby acknowledged by said agent); $11,500.00 sale price, down payment not to exceed $2,300.00.

"There is to be a two bedroom house, plans #917, to be constructed on Lot 2, Block 8, according to plans and specifications and the approval of a F. H. A. Loan. The purchaser to pay extra for any changes they may make in the plans, to be agreed on by both Seller and Purchaser. The house is to be trimmed in brick.

"There *are a* attached list agreed to by Seller and Purchaser at no additional cost. "I agree to pay $100.00 per week for all time we are building house over 60 days after loans approved. Rhea Paschall.

"The said executed note or notes herein described to be secured by Vendor's Lien and Deed of Trust with Power of Sale and with the usual covenants as to taxes, insurance and default.

"Seller agrees to furnish merchantable title to said property, which shall be conveyed free and clear of any and all encumbrances except those named herein.

"If abstract be furnished, purchaser agrees, within ten days from the receipt of said abstract, either to accept the title as shown by said abstract or to return it to the undersigned agent, with the written objections to the title. If said abstract is not returned to the agent with the written objections noted within the time specified, it shall be construed as an acceptance of said title. "If title policy be furnished, purchaser agrees, within ten days from date title company approves the title, to consummate the sale.

"Restrictions or conditions imposed in any addition or subdivision of which this property is a part or any existing party wall agreements shall not be recited as objections to the title.

"If any title objections are made, then the seller or the agent shall have reasonable time to cure said objections or show good and marketable title. In the event of failure to furnish good and marketable title, the cash deposit hereby receipted is to be returned to purchaser upon the cancellation and return of this contract; or, purchaser may enforce specific performance of same. "Seller agrees, when title defects (if any) have been cured, to deliver a good and sufficient general warranty deed properly conveying said property to said purchaser, and purchaser agrees, when said deed is presented, to pay the balance of the cash payment and execute the note or notes and deed of trust herein provided for. Should the purchaser fail to consummate this contract as specified for any reason, except title defects, seller shall have the right to retain said cash deposit as liquidated damages for the breach of this contract, and shall pay to agent therefrom ———% commission; or, seller may enforce specific performance of this contract.

"Seller agrees to pay said Agent ———% commission, said commission payable at ———, Texas.

"Taxes for the current year, and current rents, insurance, and interest (if any) are to be prorated to date of closing.

"We agree to refund all money if for any reason the loan is not approved, and we fail to live up to our contract 100%. *Rhea Pascall*

"Taxes to be prorated.

"Executed in triplicate this 21st day of June, 1951.

"This contract subject to the acceptance of Seller.

"Accepted:

(*Signed*)   *Jerome A. Gettler*
Purchaser

"Midland Realeteria
By: *Rhea Paschall*
Agent for ———"

Appellant admits that he was the owner of Midland Realeteria, which was an as-

sumed name under which he did business, and which incidentally, at the time of the transactions herein complained of occurred, he had not registered with the County Clerk as required by Art. 5924, R.C.S. His contention is that the Midland Realeteria was not engaged in the construction business, that its sole business was the listing and sale of real estate. However, he does admit that he had received benefits from contracts for the construction of fences, and that he authorized the following advertisement:

THE REPORTER–TELEGRAM, MIDLAND, TEXAS, MAY 14, 1951—11

### MIDLAND REALETERIA

OFFERING A MODERN, ECONOMICAL SERVICE

TWO – BEDROOM home in good North location, paved street. Available on G.I. equity proposition, very reasonable. Lots of storage space. Nice landscaping; back yard is fenced. This one is a real bargain!

TILE FENCED back yard adds to the looks and value of this comfortable two-bedroom home located close to school on paved street. Can be bought with or without the nice furniture now in the home . . . see it!

CUTE, COMPLETE cottage. Only two rooms, but cleverly arranged. Located on the back of a big lot. Good rental investment, or you could live here while you build on the front of the lot, then rent the cottage!

OWNER LEAVING town, and will sell this two-bedroom brick right! Large lot in good location, well landscaped. Two-car garage. Property is nearly new, and in excellent condition. Close to school and stores.

INSURANCE SERVICE: We offer the best possible insurance coverage at the lowest rates commensurate with dependable service. Life, Hospitalization, and Health & Accident lines.

FREE ESTIMATES on construction of tile fences, garages and servants quarters. Satisfaction guaranteed, with only first grade materials used. Ten per cent down payment is all you need . . . liberal terms.

It's Easy to Shop . . . It's Easy to Buy At

MIDLAND REALETERIA

1404 N. Big Spring          Phone 2388
Rhea Paschall, Manager
An Affiliate Of
Allied Commercial Services
Realtors

We note here that the contract above quoted provides for the sale of real estate as well as the construction of a residence thereon. This fact alone, in our opinion, in connection with appellants' testimony is sufficient to sustain an implied finding by the trial court that the acts of Paschall by which he received Gettler's money were performed within the scope of the partnership business. However, as pointed out by appellees, there are other facts. It is not deemed necessary to state these facts in detail, we merely summarize them. The plans for the residence were discussed by True with Gettler. True took the plans to an architect in Fort Worth; Gettler testified that True told him that while in Fort Worth he had made arrangements to purchase the lumber for another house that Paschall was building, and for the house Gettler was buying. Gettler also testified that True was introduced to him as president of the company, who would take care of all arrangements; that True pointed out that they had seen the house they were building for another customer, and Paschall was doing a good job and would do a good job for Gettler. Gettler testified that True wanted him to relieve him from liability on the contract, and stated that if he would do so he would have Paschall go ahead with the building. Paschall testified that True was interested in the contract and received approximately $1,300 of the money paid by Gettler; that True employed an architect in Fort Worth who drew the plans and specifications; that True was present at conferences between him and the Gettlers, at which conversations concerning the type of house to be built, the time it would take to build it and the discussion of a loan occurred; that his compensation while in the employ of the Midland Realeteria included one-half of the profits from any construction; that True instructed him to begin or to carry on the construction of the Gettler house. There is other evidence, but we think the above is amply sufficient to support the trial court's judgment.

The judgment is affirmed.