FOSTER et al.

v.

PACE PACKING CO.

No. 3092.

Court of Civil Appeals of Texas.

Eastland.

June 4, 1954.

A. C. Cook, Lubbock, for appellants.

McMahon, Springer, Smart & Walter, Abilene, for appellee.

COLLINGS, Justice.

This is an appeal from an order overruling a plea of privilege. Pace Packing Company, composed of J. C. Pace, Jr. and Dill Pace, a partnership, brought suit in the County Court of Nolan County, Texas, against Kelly L. Fregia, Clyde Foster and Billy Mitchell. Defendant Kelly L. Fregia filed no answer and made no appearance but the defendants Clyde Foster and Billy Mitchell filed pleas of privilege seeking to remove the cause so far as it concerned them to Lubbock County, Texas, the alleged place of their residence. After a hearing before the court without a jury, an order was entered that the pleas of privilege be overruled. Clyde Foster and Billy Mitchell have appealed.

The basis of the cause of action set out in appellee's petition as plaintiff was a sworn account for goods, wares and merchandise sold and delivered to Kelly L. Fregia, doing business as the Fregia Grocery in Lubbock, Texas, and for which it was alleged that Fregia executed a certain instrument in writing agreeing to pay to appellee the sum of $617.30, the amount of such account in Sweetwater, Nolan County, Texas. The petition further alleged a partnership between defendants, Fregia and Foster, and in the alternative, alleged that Foster and Mitchell are now claiming to have acquired an interest in the stock of goods located in the grocery store formerly operated by Fregia in Lubbock, Texas; that Foster acquired such business and stock of goods from Fregia and the manner in which he acquired and took possession of such business and stock of goods was in violation of the Bulk Sales Law of Texas; that Mitchell, who is now in possession of said stock of goods and is operating said business, acquired same from Foster likewise in violation of the Bulk Sales Law thereby rendering plaintiff's claim to said stock of goods superior to that of defendants, Clyde Foster and Billy Mitchell, and also rendering Foster and Mitchell and the stock of goods liable to Pace Packing Company for the full amount of such account.

The pleas of privilege of both Foster and Mitchell denied under oath that they

931

were indebted to appellee in any sum and denied that Foster and Mitchell were partners, but Foster did not deny under oath, or otherwise, that he was a partner of Fregia. Neither did he deny the justness of the account or the execution of the promise to pay same in Nolan County, Texas, by Fregia in behalf of the firm. Appellee duly filed controverting affidavits to both pleas of privilege and in each referred to and incorporated therein, by reference, all the allegations of its original petition. It was alleged in effect that Foster's plea of privilege was not good because Fregia and Foster were partners in the operation of such grocery business, and that Fregia had executed a written promise to pay the account in Nolan County, Texas; that such partners were jointly and severally liable for the account. It was further alleged that in any event both Foster and Mitchell were properly sued in Nolan County under Subdivision 29a of Article 1995, Vernon's Texas Revised Civil Statutes, which provides that when suit is brought in any county in this State against two or more defendants and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then it may also be maintainable in such county against any and all necessary parties thereto; that Foster and Mitchell were both liable under the provisions of the Bulk Sales Law and, since Fregia was properly sued in Nolan County on his written promise to pay the account in such county, and Foster and Mitchell were necessary parties thereto, that suit could also be maintained against them in Nolan County.

It is urged by appellants, Clyde Foster and Billy Mitchell, that the court erred in overruling their pleas of privilege because appellee, Pace Packing Company, "failed to prove at such hearing that this cause came within one of the exceptions" of Article 1995, Vernon's Revised Texas Civil Statutes.

In our opinion, the court properly denied Foster's plea of privilege. Appellee, Pace Packing Company, alleged and proved that Kelly L. Fregia executed an agreement in writing to pay the account in question in Sweetwater, Nolan County, Texas. Appellee further alleged a partnership between Fregia and Foster and that such defendants were thereby jointly and severally liable for the account sued upon. Foster did not deny the existence of such partnership under oath, or otherwise. The allegation must, therefore, be accepted as true and no evidence was required to show the existence of the partnership. Rule 93(f), Texas Rules of Civil Procedure; True v. Gettler, Tex.Civ.App., 256 S.W.2d 958, Err.Ref.; Houston Milling Co. v. Carlock, Tex.Civ.App., 183 S.W.2d 1013; Kell v. Texas Children's Home & Aid Society, Tex.Civ.App., 191 S.W.2d 900, N.R.E. The evidence also indicates the existence of the partnership between Fregia and Foster and that Fregia executed the promise to pay the account in question in Nolan County in the course of the operation of such partnership. Venue in Nolan County was established against Foster and the court properly overruled his plea of privilege. Grayson v. Cate, Tex.Civ.App., 95 S.W.2d 194; Watson v. Texas State Bank of Jacksonville, Tex.Civ.App., 222 S.W.2d 341.

Appellee contends that Mitchell is a necessary party to the cause of action alleged against Fregia, in that Fregia contracted in writing to pay in Nolan County, Texas, all sums due appellee under its sworn account; that by reason of the fact that Foster and Mitchell claim an interest in and have acquired possession of the business and stock of goods in question in violation of the Bulk Sales Law, Article 4001, Vernon's Texas Civil Statutes, that both are also liable for the account and that they have become trustees for the benefit of the creditors of the defendant Fregia, and venue properly lies against Mitchell in Nolan County under Subdivision 29a of Article 1995. The contention is not tenable. In a suit on sworn account against a debtor and against a purchaser of a stock of goods from the debtor in violation of the Bulk Sales Law, such purchaser is not a neces-

sary party to the suit against the original debtor within the meaning of Subdivision 29a. *Gulf Refining Co. v. Lipscomb,* Tex. Civ.App., 41 S.W.2d 248; *Reynolds v. Groce-Wearden Co.,* Tex.Civ.App., 250 S.W.2d 749, Err.Ref., and cases there cited. Billy Mitchell's plea of privilege should have been sustained.

For the reasons stated, the order of the trial court overruling the plea of privilege of Clyde Foster is affirmed, but that portion of the order overruling the plea of privilege of Billy Mitchell is reversed and judgment is rendered sustaining such plea. The trial court will proceed in accordance with the provisions of Rule 89, Texas Rules of Civil Procedure.