Bob **TOELLNER**, Appellant,

v.

Frank **TREVINO**, Appellee.

No. 11439.

Court of Civil Appeals of Texas.

Austin.

Nov. 23, 1966.

Russell G. Ferguson, Austin, for appellant.

No appearance for appellee.

PHILLIPS, Justice.

Appellee, Frank Trevino, purchased a 1958 Chevrolet from appellant, a dealer, giving his old car in trade and signing a note payable to appellant for $657.80. In February of 1966, appellant repossessed the car claiming that the note was two payments in default; that appellee's insurance on the car had been cancelled out, that appellee had had more than a month to obtain other insurance on the car and had failed and refused to do so; that because certain young boys had been seen driving the car appellant had felt "unsafe and insecure," that he had a right to such possession under the terms of the mortgage.

Appellee Trevino then brought a suit in conversion against appellant to which appellant filed a cross-claim wherein he asserted his right to possession under the purchase contract and sought foreclosure of his lien under its terms.

The suit was tried to the court without a jury after which judgment was rendered for appellee for the title to the car free and clear of any liens, together with the cash sum of $119.00 with interest on the cash sum of 6%. The court also made certain findings of fact and conclusions of law.

We reverse the judgment of the trial court and render judgment as hereinafter described.

Appellant is before this Court on three points of error, however, inasmuch as we

sustain his first and third points, we will not discuss the second.

Appellant's first point of error is that of the trial court in holding that appellant converted the automobile to his own use when appellant had the right of possession under the terms of the written contract; his third point of error is that of the trial court in denying appellant recovery on his cross-claim.

While there is some controversy as to whether appellee was actually in default in his payments, we base our holding upon the provision of the contract between the parties wherein appellee was bound to keep the car insured and also upon the provision in the mortgage providing for foreclosure. This provision reads as follows:

"Said Mortgagor further agrees to keep said goods and chattels insured against loss or damage by insurance loss if any, payable to said Mortgagee or the holder of this note and mortgage, as their interest may appear, paying the premium on said policy and delivered same to the holder of this note and mortgage, and in case said Mortgagor shall neglect or refuse to obtain said insurance or pay the premiums thereon or pay such taxes as aforesaid, then Mortgagee may at Mortgagee's option, obtain such insurance and pay such taxes and assessments aforesaid and all such sums of money thus expended are hereby secured by these presents and shall be repayable with interest upon demand from said Mortgagor to said Mortgagee, and may be retained by said Mortgagee from the proceeds of the sale of said goods and chattels herein authorized."

The trial court found that during the month of December, 1965 the insurance agency who had issued appellee's policy on the car mailed appellant notice that the policy would be cancelled January 2, 1966; that the policy was cancelled on January 2, 1966 and the insurance agency mailed appellee Trevino a refund check in the amount of $33.00 on April 1, 1966; that

after repossessing the car, appellant tendered the automobile to appellee in consideration that appellee would pay the balance owing on said indebtedness into the registry of the court.

With respect to the insurance in question, the court found that the note which appellee signed stated that if the buyer did not carry insurance, the seller at his option would furnish insurance; that the weight of the evidence shows that the defendant exercised his option as the seller and furnished the insurance by charging the plaintiff a premium for insurance. Evidently the court reached this conclusion because appellant furnished appellee with the money to pay the premium on the original policy of insurance in the note on the car and repayment of this amount was included in appellee's installment payments.

We cannot agree with these findings and the conclusion of law found by the court that the appellant by his own action exercised an option to furnish the appellee insurance.

The contract provided that the mortgagor (appellee) agreed to keep the car insured. The undisputed evidence shows that the insurance was cancelled out, that appellee had been cancelled out in the past, that appellant had called appellee on the telephone stating that appellee must secure another policy of insurance on the car, that appellee agreed that he would do so but did not and that after some twenty-nine days after the insurance agency had cancelled the policy, appellee was still without insurance on the car. Consequently, appellant repossessed the car under the terms of the contract.

We hold that appellant had a right to repossess the car under the facts of this case. Singer Mfg. Co. v. Rios, 96 Tex. 174, 71 S.W. 275, 60 L.R.A. 143 (1903).

We reverse the trial court and render judgment for appellant for his debt, interest and attorney's fees, foreclosure of the chattel mortgage lien and all costs in

this behalf expended, together with an order of sale with direction that should the car sell for more than appellant's debt and costs, that such excess be paid over to appellee.

The judgment of the trial court is reversed and rendered.

Reversed and rendered.