Mary B. CURTIS, Appellant,

v.

Charles M. CURTIS, Appellee.

No. 595.

Court of Civil Appeals of Texas, Tyler.

Nov. 11, 1971.

Ardon E. Moore, Jr., Tyler, for appellant.

Clapp & Beall, Harold B. Clapp, Tyler, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from a Bill of Review brought by the appellant, Mary B. Curtis, against appellee, Charles M. Curtis, seeking to set aside the settlement agreement and a final decree in a former uncontested divorce action in which appellee was plaintiff and appellant was defendant. The Bill of Review was heard before the Court without a jury and at the conclusion of the evidence judgment was rendered for the appellee herein.

At the request of the appellant, the Court made and filed certain findings of fact and conclusions of law, and it is upon these findings and conclusions that the appellant predicates her appeal.

Appellant by way of complaint brings eleven points of error which complain of the sufficiency of the evidence to support the findings of fact and conclusions of law made by the trial court.

We have viewed the entire record and have concluded that appellant's complaints have no merit, and that therefore the judgment of the trial court should be affirmed.

The requirements or elements of a Bill of Review are three-fold. The party bringing such an action must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, i. e., that there is good cause to believe that a different outcome would result with a new trial; (2) which he was prevented from making by the fraud, accident, or wrongful act of the opposite party; (3) unmixed with any fault or negligence of his own. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950); Gracey v. West, 422 S.W.2d 913 (Tex. Sup., 1968); Brooks v. Hale, 457 S.W.2d 159 (Tex.Civ.App., Tyler, 1970, writ ref., n. r. e.); Vol. 4, McDonald, Texas Civil Practice, secs. 18.27 and 18.27.2. The trial court by way of its findings of fact and conclusions of law found that the appellant

failed to prove each of the above required elements.

The court's findings of fact and conclusions of law, omitting the formal parts, are as follows:

## "FINDINGS OF FACT

### I.

That at all times prior to the rendition of the divorce decree and subsequent thereto MARY B. CURTIS was mentally competent to handle her business.

### II.

That at all times prior to and subsequent to the divorce MARY B. CURTIS was conversant with the books of the parties hereto and the properties owned by the parties hereto.

### III.

That prior to the entry of judgment in the divorce case MARY B. CURTIS was advised that she could obtain legal counsel, auditors, and appraisers, but that she elected to exercise her judgment.

### IV.

That the value of what was referred to as the COLD SPRINGS PROPERTY was $9,000.00, according to the only appraisal introduced in evidence.

### V.

That she executed the settlement contract, which was approved by the Court, and elected not to appear at the hearing when the divorce was granted and the property settlement approved by the Court of her own free will and accord.

## CONCLUSIONS OF LAW

### I.

That the property settlement contract in writing was executed by MARY B. CURTIS and that there was good and valuable consideration therefor.

### II.

That the former judgment was entered with full knowledge of MARY B. CURTIS and that she, of her own free will and accord, chose not to present a defense.

### III.

That MARY B. CURTIS had no defense to the original action which she was prevented from making by fraud, accident or the act of the opposing party.

### IV.

That no different result would have been obtained by a new trial.

### V.

That the failure of MARY B. CURTIS to avail herself of an appeal from the judgment in Cause No. 70–586 was the result of the exercise of her own judgment and that she failed to exercise due diligence in failing to avail herself of such remedies, if any she had, available to her at the time the judgment was entered.

### VI.

That neither extrinsic fraud nor undue influence were exercise against MARY B. CURTIS prior to or subsequent to the entry of judgment in the divorce action.

### VII.

The present Plaintiff should therefore take nothing by reason of her application for a Bill of Review.

The above numbered paragraphs constitute the findings of fact and conclusions of law of the Court whether the same be properly labeled as conclusions

of fact or conclusions of law and notwithstanding that certain conclusions of fact may be labeled conclusions of law and that certain conclusions of law may be labeled as conclusions of fact.

Signed 5/14/71

CRAVEN BEARD
JUDGE, COURT OF DOMESTIC RELATIONS IN AND FOR SMITH COUNTY, TEXAS."

■ It is a well-settled rule of law that in a nonjury case the trial court is the judge of the credibility of the witnesses and the weight to be given their testimony, and the findings of the court are entitled to the same weight and conclusiveness on appeal as the verdict of a jury. Where there is evidence of probative force to support the findings and judgment of the trial court, such findings are controlling on the reviewing court and will not be disturbed, even though the evidence is conflicting and the appellate court might have reached a different conclusion. Heard v. City of Dallas, 456 S.W.2d 440 (Tex.Civ.App., Dallas, 1970, writ ref., n. r. e.); Arnold v. Caprielian, 437 S.W.2d 620 (Tex.Civ.App., Tyler, 1969, writ ref., n. r. e.); Robinson v. Faulkner, 422 S.W. 209 (Tex.Civ.App., Dallas, 1967, writ ref., n. r. e.); 4 Tex.Jur.2d, sec. 839, pp. 398–401.

■ The record reveals that there was evidence of probative force to support the trial court's findings of fact and its judgment. Since there was evidence to support the court's findings, they are binding on the court. Arnold v. Caprielian, supra; Moore v. Werner, 418 S.W.2d 918 (Tex. Civ.App., Houston, 14th Dist., 1967, n. w. h.); Lamb County Electric Cooperative, Inc. v. Cockrell, 414 S.W.2d 228 (Tex. Civ.App., Amarillo, 1967, writ ref., n. r. e.); Willson v. Johnston, 404 S.W.2d 870 (Tex. Civ.App., Amarillo, 1966, n. w. h.).

Judgment affirmed.