Robert HIGGINS, Individually and d/b/a
Blodgett Motors, Appellant,

v.

INTRAWORLD DEVELOPMENT
CORPORATION, Appellee.

No. 16158.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Aug. 2, 1973.

Rehearing Denied Aug. 23, 1973.

Tindal & Hearn, Richard W. Tindal, Houston, for appellant.

Adolph Uzick, Houston, for appellee.

EVANS, Justice.

Appellee, Intraworld Development Corporation, sued appellant Higgins, individually and doing business as Blodgett Motors, for wrongful conversion of an automobile which Intraworld had purchased from Blodgett Motors, an automobile dealer, under a sales contract. In non-jury trial the trial court entered judgment for appellee and in response to appellant's request filed findings of fact and conclusions of law, holding that appellant had wrongfully seized personal property from Intraworld, its owner, and that such wrongful taking was a conversion to appellee's damage in the amount of $2,000.00.

In three points of error appellant asserts that the evidence conclusively established a material breach of the sales contract by appellee, Intraworld, in that it failed to insure the automobile as provided by the contract, thereby justifying repossession; that the record will not support the claim of damages to Intraworld, but rather to its president individually and that it was therefore error to enter judgment for Intraworld.

The automobile in question was purchased on May 20, 1969, under a sales contract which provided for a total sales price of $6,000.00 and reflected a down payment of $900.00 leaving a balance of $5,100.00

due to be paid. Several provisions in the contract require the Buyer to provide insurance coverage. Although the face of the sales contract, as executed, indicates a number of blanks with respect to the various insurance coverages required, we have assumed for purposes of this decision that the appellee Intraworld was obligated to provide insurance coverage during the term of its obligation.

■ Appellee's president, Mr. Points, testified without contradiction that before leaving appellant's premises on the evening the automobile was purchased, he called an insurance company and a binder of insurance was obtained. Appellant contends, however, that the obligation to provide insurance carried with it the duty to notify appellant that the insurance coverage had been obtained. On this point, appellee's president testified:

"Q. Was this information ever furnished to Mr. Higgins?

"A. Yes. Before I left his office on May 20th, the car was covered.

"Q. All right. And was this . . . .

"A. Before I left his automobile agency; yes, sir."

Mr. Higgins denied hearing Mr. Points make the calls to his insurance agency and Higgins testified that Points had promised him he would get the insurance but that he couldn't contact Points for about three days; that Points wouldn't return his call and in a last desperate moment he went to Point's office and was told that he was out of town and that he had no alternative but to repossess the automobile. This testimony was disputed by Points and his counsel, both of whom testified that during telephone calls with Mr. Higgins, both before and after the repossession, no mention was made of insurance coverage and that on the contrary Higgins merely said that he needed an additional $450.00 as payment on the purchase price of the automobile.

The record reflects, at most, a dispute in the parties' testimony as to whether appellant was notified by appellee of the fact that an insurance binder had been issued. The trial court, as the trier of facts, was entitled to weigh and to give effect to the testimony he determined most credible. There is ample evidence from which the trial court could have concluded that the appellant's act of repossession, without the appellee's prior consent or knowledge and within approximately seventy-two hours of the time of the purchase, was not justified and constituted a tortious seizure and conversion of appellee's property.

This case is distinguishable from Toellner v. Trevino, 409 S.W.2d 426 (Tex.Civ. App.—Austin 1966, n. w. h.), wherein the undisputed evidence showed that repossession occurred twenty-nine days after the insurance coverage had been cancelled and the automobile dealer had called the purchaser stating that he should obtain another policy and the purchaser had agreed to do so but failed to provide new coverage. We, accordingly, overrule appellant's first and second points of error.

Appellant's third point of error asserts that the trial court erred in awarding a judgment for damages to the appellee Intraworld in the amount of $2,000.00, asserting that the record reflects an absence of damages to Intraworld and instead it reflects damages to have occurred individually to Mr. Points, the president of Intraworld.

Appellee sued for the sum of $6,000.00 for the conversion of the automobile; for the sum of $560.00 for conversion of its tires; for the fair market value of its equipment together with the damages sustained by the loss of the use thereof; and for the sum of $3,000.00 for loss of earnings sustained because of such conversion. It also sued for $10,000.00 in punitive damages. Appellee's president was permitted to testify, without objection, to the price which he agreed to pay for the car ($6,000.00) three days before its repossession and as to the unpaid balance due on

the car; to the cost of the tires ($560.00) less 20% usage at time of conversion, indicating a net value of $448.00; to the value of certain data processing paper and equipment left in the car by appellee and never returned which he estimated to have a value of $200.00 to $300.00; to the amount of rental paid by appellee for an automobile for in-town use during the four months he was without a car following the repossession ($576.00) and to the loss of earnings based upon out-of-town business which appellee was unable to perform because of the loss of the automobile ($3,000.00).

 The value of the converted property at the time of the wrongful taking is generally held to be the proper measure of damages; however, the proper measure as to mortgaged property or property which is the subject of a conditional sales contract is generally the value of the equity of the mortgagor or the purchaser in the property taken. A. B. Lewis Company v. Robinson, 339 S.W.2d 731 (Tex.Civ.App.—Houston 1960, n. w. h.); Gathright v. Russell, 383 S.W.2d 441 (Tex.Civ.App.—Tyler 1964, writ dism'd). The record does not reflect that any request for additional findings was made nor that exceptions or objections were levelled at the pleading or proof of damages. We are of the opinion there is evidence of probative force to support the findings and conclusions of the trial court and we will not disturb its findings. Sanders v. Sanders, 469 S.W.2d 313 (Tex.Civ. App.—Houston, 14th, 1971, writ dism'd); Curtis v. Curtis, 473 S.W.2d 636 (Tex.Civ. App.—Tyler 1971, n. w. h.); McDonald, Texas Civil Practice, Vol. 4, 1971 Rev.Ed., Sec. 16.10, p. 29. We are not persuaded that the evidence shows that the personal property taken was the individual property of C. Jack Points, the president of appellee Intraworld, and have concluded that the trial court could readily infer from the evidence that all of the property in question belonged to appellee. Accordingly, appellant's third point of error is overruled.

The judgment of the trial court is affirmed.