**Ralph S. MITCHELL and Troy Mitchell,
Appellants,**

v.

**Kathryn Ann BULLOCK (Mitchell),
Appellee.**

**No. 12059.**

Court of Civil Appeals of Texas,
Austin.

Oct. 17, 1973.

Rehearing Denied Nov. 7, 1973.

**580**

Timothy J. Herman, Rogers, Ehrle & Hughes, Austin, for appellants.

Don L. Davis, Byrd, Davis, Eisenberg & Clark, Austin, for appellee.

SHANNON, Justice.

This appeal comes from the judgment of the district court of Travis County ordering a partition of the undivided one-fourth interest of Kathryn Ann Bullock (Mitchell), appellee, in and to some 4,000 acres of ranch land situated in Uvalde and Bandera counties. Ralph S. Mitchell and Troy Mitchell are appellants. We will affirm that judgment.

In 1955, appellee and Ralph S. Mitchell were married. During that marriage Ralph, and his brother, Troy Mitchell, obtained deeds to the several parcels of land which made up the ranch. Appellee and Ralph were divorced in Travis County in 1966, but the decree of divorce did not divide their community property. In 1969, the district court of Travis County, having found that no property settlement had been entered into between appellee and Ralph, entered a judgment awarding appellee an equal undivided interest as a tenant in common with Ralph to one-half of the ranch. The 1969 judgment was appealed to this Court but the appeal was dismissed for want of prosecution. Later, Troy filed a petition for Bill of Review in the district court of Travis County which has not been tried.

Appellee filed the instant cause for partition in 1971. In response to appellee's petition, appellants denied that appellee owned any interest in the ranch for the stated reason that it was an asset of a partnership composed solely of appellants and formed in 1959.

Upon trial to the court, judgment for partition was entered. Findings of fact and conclusions of law were requested and filed. The court found, among other things, that Ralph acquired an undivided one-half interest in the ranch during the time of his marriage to appellee. The court also determined that, since the time of the divorce, appellee had been denied possession of any part of the ranch. Ralph and Troy had obtained all of the income from the ranch, and appellee had received nothing. In addition, the court ascertained that appellants had not established any monetary offset against appellee's interest in the ranch. The court found further that appellants had falsified legal instruments and other documents in an effort to defraud the court into awarding appellants an offset against appellee for money appellants claimed that they had spent for improvements, seed, and payments on the purchase money notes. And the court, speaking plain and to the purpose, found that appellants' conduct "in fabricating documents and swearing to falsehoods results in the Court finding that it cannot and does not believe their testimony on any material issue in this case."

The court concluded that an undivided one-half interest in the ranch was community property of appellee and Ralph, and that appellee owned an undivided one-fourth interest subject only to her proportionate obligation on the balance remaining on the original purchase money notes as of the time of the judgment entered therein.

Appellants requested additional findings of fact and conclusions of law which were refused. In the main, the requested findings concerned the existence of a partnership between Ralph and Troy and the fact that the ranch land was an asset of that partnership.

Appellants attack the judgment by fourteen points of error, most of which assert that the court's findings of fact, and its refusal to find other facts, were so against the great weight and preponderance of the evidence so as to be manifestly wrong. The other points attack the conclusions of law drawn from the findings of fact.

 In a nonjury case the trial court passes on the credibility of the witnesses and the weight given their testimony. If supported by probative evidence, the court's findings of fact will not be disturbed though the evidence may be conflicting. See Curtis v. Curtis, 473 S.W.2d 636 (Tex.Civ.App.1971, no writ). From a review of the record we are convinced that there is sufficient evidence of probative force to support the findings of the trial court.

Appellee introduced copies of deeds showing that Ralph and Troy Mitchell had bought the tracts comprising the ranch during the time that appellee was married to Ralph. Ralph and Troy were shown as grantees in two of the deeds, and in the third, Troy alone was shown as grantee, but soon thereafterwards he conveyed a half interest to Ralph. On their income tax returns it was shown that Ralph and Troy divided the depreciation allowed from the ranch operation. Also, they each reported one-half of the ranch income.

Appellee read into evidence Ralph's answers to questions from an oral deposition taken in the declaratory judgment proceedings. Those answers demonstrated that Ralph considered that he owned a one-half interest in the ranch. But at no time prior to the instant suit had Ralph contended that the ranch was a partnership asset.

Skillful cross-examination of appellants by appellee's counsel raised a very real doubt as to their credibility and as to the authenticity of much of their documentary evidence concerning the alleged partnership arrangement and claimed monetary offset against appellee's interest in the land. We are of the opinion that the trial court was justified in giving no credence to appellants' testimony.

In discussion under other points, appellants contend that the failure of appellee to file a verified denial of partnership entitled them to judgment as a matter of law. As authority, appellants rely on Texas Rules of Civil Procedure 93(f). Rule 93(f) provides that a denial of partnership, as alleged in any pleadings as to any party in the suit, shall be verified by affidavit. Appellee responds by claiming that it was unnecessary for her to file a denial of partnership, since by the operation of Tex.R. Civ.P. 82 the defense of partnership was denied.

 It is unnecessary to answer appellants' contention, because the record does not show that appellants brought appellee's failure to file a verified denial of partnership to the attention of the court prior to the entry of judgment. Appellants thereby waived any complaint which they might have had. Tex.R.Civ.P. 90, see Shaw v. Porter, 190 S.W.2d 396 (Tex.Civ.App.1945, writ ref'd w.o.m.).

The judgment is affirmed.