**Sherry WINDHAM, Appellant,**

v.

**Frank WINDHAM, Jr., Appellee.**

**No. 5114.**

Court of Civil Appeals of Texas, Eastland.

Jan. 26, 1978.

Frank D. Scarborough and J. R. Black, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellant.

Ben D. Sudderth and Keith K. Woodley, Sudderth, Woodley & Dudley, Comanche, James P. Shanks, Baird, for appellee.

WALTER, Justice.

Sherry Windham was granted a divorce from Frank Windham, Jr. and appointed managing conservator of their child, Matthew Shane Windham. The father was appointed possessory conservator of the child and ordered to pay child support in the amount of $200.00 per month.

All parties agree the court properly granted the divorce and neither party complains about the award of child custody, support and visitation.

Sherry Windham has appealed from that portion of the judgment dividing the property.

The judgment provides:

"All Certificates of Deposit, savings accounts, and life insurance policies are hereby awarded to Frank Windham, Jr., as his sole and separate property with the exception of any savings accounts or checking accounts which the Petitioner may have acquired and maintained in her separate name since the separation of the parties herein."

In his findings of fact, the court found:

". . . The Certificates of Deposit awarded to Frank Windham, Jr. were owned by him prior to his marriage to Sherry Windham."

The judgment further provides:

"The Court finds that no partnership existed or exists between Frank Windham, and Frank Windham, Jr., and accordingly decrees that Sherry Windham owns no interest in the livestock and equipment evidenced by testimony in this proceeding."

In his findings of fact, the court found: "That Frank Windham, Jr. and Sherry Windham, own no interest in the livestock that was located on the ranch of Frank Windham, Sr."

■ Appellant contends the evidence establishes as a matter of law the Certificates of Deposit totaling $13,661.59 were community property.

In the first set of interrogatories, Frank Windham, Jr., was asked to state if he had any Certificates of Deposit in the First National Bank of Baird, Texas, to which question Windham answered in the affirmative. He was then asked if he answered the foregoing interrogatory in the affirmative to state fully and in detail the dates when they were purchased and whether or not he considered them to be community or separate property. He answered as follows:

"$6600.00 purchased January, 1970 and $7061.59 purchased June, 1970. Of this total $4,061.59 is separate property as it is a reinvestment of funds acquired prior to our marriage. The balance of $9,600.00 is considered community. None of the above is pledged to any bank or institution."

Sherry and Frank were married in December, 1966.

In *Schreiner v. Schreiner*, 502 S.W.2d 840 (Tex.Civ.App.—San Antonio 1973, writ dism'd), the court said:

"Section 5.02 of the Texas Family Code formerly Article 4619, Tex.Rev.Civ.Stat. Ann., provides that property possessed by either spouse during or upon dissolution of the marriage is presumed to be community property. This is a rebuttable presumption with the burden upon one asserting otherwise to prove to the contrary by satisfactory evidence. *Tarver v. Tarver*, 394 S.W.2d 780 (Tex.1965); *Cox v. Cox*, [439 S.W.2d 862 (Tex.Civ.App.)] supra."

Appellee contends there is no indication as to who considers the balance of $9,600.00 to be the community property of the parties. Under the provisions of Rule 168, T.R.C.P., appellee answered the questions, swore to them and they were introduced into evidence in this proceeding. This would indicate that appellee is the person who considered the $9,600.00 as community property.

In *Griffin v. Superior Insurance Company*, 161 Tex. 195, 338 S.W.2d 415 (1960), the court said:

". . . On page 824, in discussing the Texas rule on this point, it is stated that 'the Texas Court of Civil Appeals appears to have adopted the Missouri rule, "A party plaintiff testifying in his own behalf as to the existence of a fact is absolutely concluded thereby, unless he makes a correction thereof giving some excuse of mistake, oversight, misunderstanding, or lack of definite recollection," ' citing *McMath Co. v. Staten*, Tex.Civ.App.1931, 42 S.W.2d 649, wr. dism.; *J. R. Watkins Co. v. King*, Tex.Civ.App.1935, 83 S.W.2d 405, no writ history; *Moore v. Conway*, Tex.Civ.App.1937, 108 S.W.2d 954, no writ history; *Wristen v. Wristen*, Tex. Civ.App.1938, 119 S.W.2d 1104, wr. dism.; *Kimmell v. Tipton*, Tex.Civ.App.1940, 142 S.W.2d 421, no writ history.

Citing from *Stanolind Oil & Gas Co. v. State*, 1940, 136 Tex. 5, 133 S.W.2d 767, 145 S.W.2d 569(1), 570:

"The authorities hold that where a litigant admits positive and definite facts, which if true would defeat his right to recover, and such statements or admissions are not subsequently modified or explained by him so as to show that he was mistaken, although testifying in good faith, he is conclusively bound by such admissions, and cannot successfully complain if the court directs a verdict against him,' citing numerous authorities from Texas and other cases."

In *McKinley v. McKinley,* 496 S.W.2d 540, 543 (Tex.1973), the court said:

"In *Tarver v. Tarver,* 394 S.W.2d 780 (Tex.1965), this Court reiterated the basic presumption that all property possessed by a husband and wife when their marriage is dissolved is their community property. At the time *Tarver* was decided the presumption was created by Article 4619, Sec. 1, Vernon's Texas Civil Statutes, and the presumption remains by the clear language of Section 5.02 of the Family Code, V.T.C.A.: 'Property possessed by either spouse during or on dissolution of marriage is presumed to be community property.' It is the general rule that to discharge the burden imposed by the statute a spouse, or one claiming through a spouse, must trace and clearly identify property claimed as separate property, *Tarver v. Tarver,* supra; *Wilson v. Wilson,* 145 Tex. 607, 201 S.W.2d 226 (1947); *Chapman v. Allen,* 15 Tex. 278, 283 (1885) . . ."

We hold the court erred in holding the Certificates of Deposit were owned by Frank Windham, Jr., prior to his marriage to Sherry Windham.

Appellant contends the evidence shows that the ranching operations conducted by Frank Windham, Jr. and Frank Windham, Sr. under the name of Frank Windham & Son constituted a partnership as a matter of law. She also contends the appellees admitted the existence of the partnership by failing to deny same under oath as required by Rule 93, T.R.C.P.

In her amended petition, appellant pleaded that she and her husband were engaged in a ranching partnership with Frank Windham, Sr. and wife, Inez Windham. She alleged they had a substantial interest in the partnership. Rule 93, T.R.C.P., provides:

"A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.

.    .    .    .    .

(f) A denial of partnership as alleged in any pleading as to any party to the suit."

■ Frank Windham, Jr. filed a general denial and Frank Windham, Sr. and Inez Windham filed a general denial. Neither of such answers contained a verified denial of partnership as required by Rule 93, T.R.C.P. Appellees contend testimony was admitted without objection tending to establish the nonexistence of a partnership and, therefore, appellant waived their failure to comply with Rule 93 and rely on *Mitchell v. Bullock,* 500 S.W.2d 579 (Tex.Civ.App.— Austin 1973, writ ref. n. r. e.). In *Mitchell,* the court held that since the record did not show that appellants brought appellee's failure to file a verified denial of partnership to the attention of the court prior to the entry of judgment, appellants waived any complaint which they might have had.

Judgment was rendered in this case on July 13, 1977. In April, 1977, appellant filed with the court a written brief and summation of the evidence in which she informed the court that the appellees had not filed a verified denial of partnership. For this difference and reason, we hold *Mitchell v. Bullock* is not controlling and there was no waiver.

■ A general denial puts in issue all matters pleaded by the plaintiff which are not required to be denied under oath. *Shell Chemical Company v. Lamb,* 493 S.W.2d 742 (Tex.1973). Appellee's failure to deny partnership under oath was an admission of partnership.

In *Garver v. First National Bank of Canadian,* 432 S.W.2d 745, 748 (Tex.Civ.App.— Amarillo 1968, writ ref. n. r. e.), the court said:

"We believe there are several legal grounds which require the affirmance of the court's judgment. Rule 93, Vernon's Ann.Texas Rules provides, inter alia, 'A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit: (f.) A denial of partnership as alleged in any pleading as to any party to the suit.' Appellee especially pleaded that appellants and Dan and Ed, and Louise Hoover were operating as a partnership and the bank dealt with Dan and Ed in that capacity. Such partnership was never denied under oath by appellants, so stands admitted. *True v. Gettler,* Tex.Civ.App., 256 S.W.2d 958 (writ ref'd); *Coulson v. Alvis Auto Rentals, Inc.,* Tex.Civ.App., 352 S.W.2d 849 (n. r. e.); *Howell v. Bowden,* Tex.Civ.App., 368 S.W.2d 842 (n. r. e.). A general denial does not put the question of partnership in issue. *Curry v. E. E. Stone Lumber Co.,* Tex.Civ.App., 218 S.W.2d 293 (n. r. e.)."

In *McKnight v. McKnight,* 543 S.W.2d 863 (Tex.1976), the court said:

"The 'matter to be decreed' in this case is a 'just and right' division of the property in compliance with the Family Code. The court of civil appeals could not render a property division under the authority of Rule 434 because the matter to be decreed was dependent on the discretion of the trial court.

. . . . .

. . . The court of civil appeals was correct in its holding that the trial court erred in awarding specific partnership property. The Texas Uniform Partnership Act provides:

'Sec. 28–A. Extent of Community Property Rights of a Partner's Spouse.

'(1) A partner's rights in specific partnership property are not community property.

'(2) A partner's interest in the partnership may be community property.

'(3) A partner's right to participate in the management is not community property.

'Sec. 28–B. Effect of Death or Divorce on Interest in the Partnership.

'(1)(A) On the divorce of a partner, the partner's spouse shall, to the extent of such spouse's interest in the partnership be regarded for purposes of this Act as an assignee and purchaser of such interest from such partner.'

The trial court detailed a division of the partnership cattle between the husband and wife and awarded the wife one-half of the partnership bank account. The court of civil appeals held the award violated the Act and rendered that the husband recover one-half interest in the partnership with the wife getting no interest in the partnership. While we think the court of civil appeals was correct in its application of the Act, the court should have remanded this issue with the other issues of property division rather than making an award to the husband. It would have been proper for the trial court in its discretion to have given the wife an interest in the partnership. The court of civil appeals by rendering that the husband take a one-half interest in the partnership was infringing on the discretion of the trial court."

We think the disposition made of the Certificates of Deposit and the findings on the partnership were unjust and unfair and should be set aside. As was said in *Wilson v. Wilson,* 225 S.W.2d 236 (Tex.Civ.App.— Fort Worth 1949, no writ):

". . . We do not hold that the community property should be divided equally, or in any other named proportion. Our only authority is to determine whether the disposition of property made by the judgment should be upheld."

That portion of the judgment granting Sherry Windham a divorce from Frank Windham, Jr. and appointing her managing conservator and Frank Windham, Jr. possessory conservator of their child and order-

ing the father to pay child support in the amount of $200.00 per month and awarding visitation rights is affirmed. In all other respects, the judgment is reversed and the cause is remanded.