# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00086-CV

**Craig A. Washington, Appellant**

**v.**

**Commission for Lawyer Discipline, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT
### NO. 29,123, HONORABLE GEORGE WILLIAM GALLAGHER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from the judgment of the district court of Bastrop County revoking probation and actively suspending Craig A. Washington from the practice of law. Washington is appellant, and appellee is the Commission for Lawyer Discipline (the Commission). We will affirm the judgment.

In 2015, the district court of Bastrop County rendered an amended judgment partially probating supervision against Washington for violating various Disciplinary Rules of Professional Conduct. Pursuant to that judgment, Washington was suspended from the practice of law for four years—twelve months of the suspension was active and the remaining time was probated contingent on Washington's compliance with certain terms and conditions. One of the conditions requires Washington to pay the State Bar of Texas $24,693.74 in attorney's fees and expenses in monthly installments of $685.93 until the amount is paid out.

In 2017, the Commission moved to revoke probation asserting that Washington had failed to make any of the monthly payments. After hearing, the district court concluded that Washington had violated the judgment of probation by failing to make any monthly payments and rendered judgment that Washington be actively suspended from the practice of law for three years.

Washington urged in district court that his license should not be revoked because he was financially unable to make the court-ordered payments. He receives about $51,000 annually in social-security payments and state and federal retirement benefits. He pays $1000 monthly to maintain his law office. Over eighteen or so months his law practice has generated one client who has paid about $3,500 in fees. He has personal expenses including food, transportation, housing, and medical costs. And his social-security and retirement payments are subject to the federal income tax. In sum, he testified that his expenses are greater than his income.

On the other hand, the evidence shows that Washington has not registered with the Harris County Lawyer referral service or the lawyer referral service of the State Bar. Neither has he attempted to get on the lawyer-appointment list in Bastrop County where he lives part-time. He has not sat for the examination to become eligible to take criminal appointments in Harris County. He sought to explain this lapse on the basis that he had not had time enough during his suspension to prepare for the examination. But his testimony was that he went to the law office every day and played solitaire on the computer when he was not visiting with young lawyers.

No findings of fact or conclusions of law were requested or filed. The district court's judgment, therefore, implies all necessary fact findings in support of the judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Accordingly, the district court impliedly found, as a

fact, that Washington made no bona fide effort to make the required monthly payments. More important, the court impliedly found that he was not unable to make those payments.

In seeking to determine whether there is evidence to support the judgment and the implied findings of fact, it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in nature. *Renfro Drug Co. v. Lewis*, 235 S.W.2d 609, 613 (Tex. 1950). The evidence supports the judgment and the implied findings. Washington has made little or no effort to generate a clientele. Although he testified that his expenses were greater than his $51,000 annual income, in a bench trial the court is the judge of the credibility of the witness and the weight to be given his testimony. *Mitchell v. Bullock*, 500 S.W.2d 579, 581 (Tex. App.—Austin 1973, writ ref'd n.r.e.).

Washington cites *Bearden v. Georgia*, 461 U.S. 660 (1983), as authority for reversal of the instant judgment. We disagree. In *Bearden*, the Court held in the criminal context that revocation of probation and imposition of confinement when the probationer was legitimately unable to pay a monetary sanction was fundamentally unfair. *See id.* at 665. The Court opined that the trial court must inquire into the reasons for the failure to pay. *See id.* If the probationer willfully refused to pay, or failed to make sufficient bona fide efforts to legally acquire the resources to pay, then the court may revoke probation.

Here, the district court impliedly found that Washington had not made a bona fide effort to build a clientele and that he was not unable to make the monthly payments.

The judgment is affirmed.

_____
Bob E. Shannon, Justice

Before Justices Goodwin, Baker, and Shannon*

Affirmed

Filed:   January 29, 2019

*  Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment.
_See_ Tex. Gov't Code § 74.003(b).