Max O. COULSON et al., D/B/A Brickstone
of Fort Worth, Appellants,

v.

ALVIS AUTO RENTALS, INC., Appellee

No. 16271.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 22, 1961.

Rehearing Denied Jan. 26, 1962.

John Whiteside, Fort Worth, for appellants.

DeVore, Ashworth & McGahey, and Philip C. McGahey, Jr., Arlington, for appellee.

RENFRO, Justice.

The plaintiff Alvis Auto Rentals, Inc., sued Max O. Coulson and Henry Potter, d/b/a Brickstone of Fort Worth, in the nature of a verified account for the sum of $2,054.30 due for lease money upon two automobiles.

Judgment was entered for plaintiff on said account. The court found that a lease contract was made between the parties. The defendants were to pay $100 per month per car. The plaintiff kept the account in the regular course of business and the account cards reflected the business dealings between the parties. The automobiles were used by the defendant partners in the course of their business, Brickstone of Fort Worth. At the time of termination of the leases, the defendants owed plaintiff $1,436.30 on one car and $618.00 on the other. The court concluded the amount sued for was a liquidated amount, based upon a written contract, upon which a systematic record was kept.

In points seven and eight, defendants contend there is no evidence to support the finding of partnership and no evidence showing that any act by Coulson was in the scope of any partnership business. As to the latter point, the evidence is ample to support the court's findings. As to point seven, the plaintiff alleged the defendants were partners. Neither defendant filed a sworn denial of partnership. When the fact

of partnership is alleged and is not denied under oath, it stands as admitted. 32 Tex. Jur. 262, § 28; Rule 93(f), Texas Rules of Civil Procedure; Petty v. First National Bank of Quitman, Tex.Civ.App., 278 S.W.2d 361. The points are overruled.

In points three through six, defendants contend plaintiff's exhibits 1 to 5 were improperly admitted, same being hearsay.

In the introduction of the exhibits plaintiff met all the requirements of Art. 3737e, Vernon's Tex.Civ.St. Hence, the exhibits were properly admitted. Moreover, defendants did not deny the justness of the claim. As a witness, defendant Coulson admitted the contract was made, and did not deny the amount sued for was due. Defendant Potter did not testify. The points are overruled.

Our holding on the above points necessarily rejects defendants' contention No. 10 that there was no evidence or insufficient evidence to support the judgment.

In their second point of error, defendants contend the plaintiff was not entitled to attorney's fees.

In Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75, wherein plaintiff sought attorney's fees in a suit in the nature of a sworn account for the balance due upon a lease contract, the Supreme Court said: "Respondent contends that the above language of Article 2226 (* * * or suits founded upon a sworn account or accounts * * * may also recover * * * a reasonable amount as attorney's fees) means that an attorney's fee is recoverable if suit is upon a sworn account as defined by Rule 185, Texas Rules of Civil Procedure. This rule is not a rule of substantive law but is a rule of procedure with regard to evidence necessary to establish a prima facie right of recovery or defense, and is not the basis for any cause or causes of action. * * * It has been held that a sworn account is defined according to its popular sense and applies only to transactions between persons, in

which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other, and the relation of debtor and creditor is thereby created by general course of dealing (which may include only one transaction between the parties). It does not mean transactions between parties resting upon special contract. * * * "

In Guay v. Schneider, Bernet & Hickman, Inc., Tex.Civ.App., 341 S.W.2d 461, the Court of Civil Appeals followed Meaders v. Biskamp, supra, and added: "Under Rule 185, however, summary judgment was proper as to the verified account. That rule does not deal with attorney's fees. It is a rule of evidence, as the Biskamp case points out, and not one of substantive law."

In Guay v. Schneider, Bernet & Hickman, Inc., 344 S.W.2d 429, the Supreme Court expressly approved the holding of the Court of Civil Appeals.

In Langdeau v. Bouknight, Tex., 344 S.W.2d 435, 441, a case wherein Langdeau, receiver, sued Bouknight for recovery of premiums and unearned commissions, the Supreme Court held: "The Court of Civil Appeals correctly held that under the heading 'sworn account' a recovery of attorney's fees could not be had in a suit 'resting upon special contracts'. Recovery of attorney's fees under some of the other classifications set out in Art. 2226 might be had under a contract between the parties covering such situation, but not under the part dealing with 'sworn account.' "

In the instant case, plaintiff's claim for attorney's fees is based upon the sworn account provision of Rule 185. It is undisputed that title to personal property did not pass. It is undisputed that the automobiles were taken by defendants under lease contracts and that title to neither ever passed to the defendants or either of them. Hence, the transaction "rests in special contract" and lacks the element of sale and purchase whereby "title to personal property passes from one to the other."

Under the above authorities, we conclude that plaintiff was not entitled to recover attorney's fees.

All points of error, except the point pertaining to attorney's fees, are overruled.

Judgment in favor of plaintiff for the debt sued upon is affirmed; that part of the judgment of the trial court allowing attorney's fees to the plaintiff is reversed and judgment here rendered that plaintiff recover nothing as attorney's fees.

Affirmed in part and reversed in part.