**Charles R. HOSACK, Appellant,**

v.

**M. E. CASSIDY, Jr., et al., Appellees.**

**No. 1113.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 29, 1976.

W. J. Nutto, Corpus Christi, for appellant.

Lee Mahoney, Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

This is a suit to recover money as a result of an alleged breach of contract. Trial was to the court, sitting without a jury. Judgment in the total amount of $10,606.30, including the amount of money sought to be recovered and interest thereon from the date it should have been paid by the de-

fendant, was rendered in favor of the plaintiff M. E. Cassidy, Jr. against the defendant Charles R. Hosack. An appeal by the defendant has been perfected from that judgment.

M. E. Cassidy, Jr. and Charles Mayes, the plaintiffs, alleged that prior to September 1, 1969 they owned the "Marine Club", a business in Corpus Christi, Texas, which was operated by them as a partnership, and on that date the defendant purchased an interest in the business and became a partner therein with the plaintiffs; that on April 10, 1970, the defendant purchased the business, assumed all obligations and liabilities owed by the Marine Club, took possession of all assets belonging to the Marine Club, and thereafter owned and operated the business as the sole owner thereof; that at the time of the sale, there was then due and owing certain accrued taxes to the Internal Revenue Service (IRS), which the defendant later refused to pay; that the IRS then made a demand on the plaintiffs for the payment of such taxes because of their partnership interest in the business prior to the sale thereof to the defendant; that the plaintiffs paid such taxes pursuant to the demand; and that they are entitled to be reimbursed by the defendant for all sums of money so paid by them.

The defendant filed an answer and a cross-action. The answer consisted of a special exception, which, according to the record before us, was not presented to the trial court for a ruling thereon, a general denial, and the further defense that plaintiffs' action is based upon an illegal agreement, and stems from an illegal activity between the parties, and, consequently, is void and unenforceable. The trial judge denied the defendant any recovery on his cross-action. The defendant, in this appeal, does not complain of that action by the trial court.

The only witnesses who testified at the trial were: the plaintiff M. E. Cassidy, Jr., the defendant Charles R. Hosack, and Bill Cross, a certified public accountant. The only other evidence consisted of three letters from the defendant to the plaintiff

Charles Mayes and a copy of the 1969 Partnership Income Tax Return for the Marine Club.

Cassidy testified that he and Charles Mayes owned and operated the Marine Club as a partnership business until on or about September 1, 1969, when the defendant bought into the partnership and became an equal partner therein, with equal right to share in the profits and equal liability for losses; that on or about April 10, 1970, the plaintiffs sold their interest in the business to the defendant for the sum of Three Thousand ($3,000) Dollars cash to each of them and the assumption by the defendant of all outstanding liabilities, including, specifically, all taxes (withholding and social security taxes) due the IRS which had accrued during the last quarter of 1969 and the first quarter of 1970; that the defendant, following the sale of the business, went into possession of all assets of said business as owner thereof, and thereafter operated the business as a sole proprietorship; that the defendant did not pay the taxes which were due and owing the IRS, which had been assumed by him; that as a result of such failure and pursuant to a demand made on him by the IRS, he (Cassidy), because of his being a partner in the business at the time such taxes accrued, was required to pay and did pay such taxes; that he demanded that the defendant reimburse him for the money so paid to the IRS by him but that the defendant refused to do so.

Bill Cross, a certified public accountant, testified that he knew that the defendant and the plaintiffs had formed a partnership sometime in September, 1969. He also stated that the defendant told him he was a partner with the plaintiffs in the Marine Club. He further testified that he prepared a partnership tax return for the partnership for the year 1969; and that the partnership was then composed of the plaintiffs and the defendant.

The defendant denied that he was ever a partner with the plaintiffs, but stated that he was an investor in the business. He stated that he made a personal loan to

Mayes in the amount of Five Thousand ($5,000) Dollars, but that the check for the said sum of Five Thousand ($5,000) Dollars, was made payable to the "Marine Club" at the request of Mayes. He further stated that because of such advancement and loan, he considered himself to be an investor in the business. He wrote a letter to Mayes on October 24, 1970 and stated therein that he wanted to withdraw from "our partnership at the Marine Club". In another letter to Mayes, dated September 16, 1970, the defendant, with reference to the taxes owed to IRS, said:

"I cannot pay the attached, even though I agreed to assume all debts and liabilities (obligations) of the club and restaurant when you and Cassidy got out . . ."

The trial judge made findings of fact. He found, in summary: 1) the defendant purchased a one-third interest in the partnership business (Marine Club) from the plaintiffs in September, 1969, became a partner in the business, and remained a partner therein until April 10, 1970, when he "purchased the partnership interest of each of the plaintiffs in said business, and thereafter became the sole owner of the business"; 2) as part of the consideration for the sale and purchase, the defendant "agreed to assume all obligations and liabilities owed by said business and said partnership incurred or arising by reason of the operation of said business, including all taxes due and owing and which would thereafter accrue"; 3) at the time of the purchase by the defendant of the partnership interest of the plaintiffs in the Marine Club, taxes were due and owing to the IRS, which defendant agreed to assume and pay as a part of the consideration of the purchase price of said business; 4) the plaintiffs and the defendant were jointly and severally liable to the IRS for the sum of $8,217.40 for accrued taxes, interest and penalty owed by the Marine Club; 5) the IRS demanded payment of the plaintiffs and the defendant of the said sum of $8,217.40; 6) Cassidy, following such demand paid IRS the said sum of $8,217.40, made demand upon defendant for reim-

bursement thereof, but defendant refused to do so.

The trial court concluded: 1) the defendant is indebted to Cassidy in the sum of $8,217.40, together with interest thereon from date of payment by Cassidy to the IRS of said amount of money, and Cassidy is entitled to judgment against the defendant for said amount of money, together with interest thereon from date of payment; 2) the defendant is not entitled to any offsets.

■ The defendant's first point of error reads as follows:

"The trial Court erred in rendering judgment for Appellees because such judgment was not supported by sufficient evidence or by a preponderance of the evidence."

The point does not comply with Rule 418, T.R.C.P., which requires that points of error direct the attention of the appellate court to the error relied upon by the appellant. The point, as written, is too general to be entitled to consideration by this Court. *McWilliams v. Muse,* 157 Tex. 109, 300 S.W.2d 643 (1957); *Pleasant Grove Builders, Inc. v. Phillips,* 355 S.W.2d 818 (Tex.Civ. App.—Dallas 1962, writ ref'd n. r. e.). The point is overruled.

■ The defendant's second point of error reads as follows:

"The trial Court erred in rendering judgment because the evidence was insufficient to establish a parol agreement between Appellant and Appellees."

The point, standing alone, does not identify the "parol agreement" about which complaint is made, and in that respect is too indefinite to direct our attention to the particular error asserted. The defendant's brief does not contain a "statement", but does contain an "authorities and argument" section, which we look to in an attempt to determine with some degree of certainty the nature and real basis for the point. The opening paragraph of the "authorities and argument" part of the brief under the point reads:

"This point is directed towards the findings of the court that Appellant entered into an agreement of partnership and also that Appellant entered into an agreement to purchase the business and assume liabilities including taxes. (Findings of fact, paragraph 3, 5, 6). Each of such alleged agreements were parol. The alleged partnership agreement will be considered first."

Even indulging the most liberal construction of the briefing rules in favor of the sufficiency of the point, we must hold that the point is not entitled to consideration because it is clearly multifarious. It embraces more than one specific ground of error, and attacks more than one separate and distinct finding of fact by the trial court. Rule 418, T.R.C.P.; *Barber v. Corpus Christi Bank & Trust,* 506 S.W.2d 254 (Tex.Civ.App.—Corpus Christi 1974, no writ); *City of Shamrock v. Hrnciar,* 453 S.W.2d 898 (Tex.Civ.App.—Eastland 1970, writ ref'd n. r. e.); *Johnson-Sampson Construction Co., Inc. v. W & W Waterproofing Co.,* 274 S.W.2d 926 (Tex.Civ.App.—Amarillo 1953, writ ref'd n. r. e.).

However, if the point were not to be considered multifarious, a careful examination of the evidence in connection with the two parol agreements encompassed by the point fails to reveal reversible error. There are other reasons why the point must be overruled.

■ The record will not permit the defendant to attack the finding that a partnership between the plaintiffs and the defendant was created by a "parol agreement". Plaintiffs alleged that a partnership was created by agreement on September 1, 1969, whereby the defendant "became a partner with plaintiffs in the ownership and operation of the Marine Club, making an agreed contribution to the capital account of said partnership". The defendant did not file a sworn denial of plaintiffs' allegations of partnership, as required by Rule 93(f), T.R.C.P. Therefore, in that state of the record, the fact of partnership was admitted in the trial court and cannot be challenged on appeal. *Howell v. Bow-*

*den,* 368 S.W.2d 842 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.); *Coulson v. Alvis Auto Rentals, Inc.,* 352 S.W.2d 849 (Tex.Civ. App.—Fort Worth 1961, writ ref'd n. r. e.).

■ Concerning the finding that defendant, in the sale and purchase of the business, agreed to assume all obligations owing by the business, including the accrued taxes due the IRS, there is a conflict in the testimony of the plaintiff Cassidy with that of the defendant. The trial judge resolved that conflict in favor of Cassidy and against the defendant. See *Hall v. Villarreal Development Corporation,* 517 S.W.2d 326 (Tex.Civ.App.—Corpus Christi 1974, writ dism'd); *Royal v. Cameron,* 382 S.W.2d 335 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.); *United States Fidelity & Guaranty Co. v. Carr,* 242 S.W.2d 224 (Tex.Civ.App.—San Antonio 1951, writ ref'd); *Ohlen v. Hagar,* 212 S.W.2d 253 (Tex.Civ.App.—Fort Worth 1948, writ ref'd, n. r. e.).

Point two is overruled.

■ The defendant, in points three and four, asserts that the trial court erred in rendering judgment for Cassidy because the cause of action alleged by plaintiff "was based upon an illegal contract" and "the parties were engaged in an illegal activity at the time of any alleged agreements". The points have no merit.

The defendant claims that the use of the liquor license that was issued in the names of the plaintiffs at all times pertinent to this appeal constituted a violation of Tex. Penal Code Ann. art. 666–1 et seq. (1974), which rendered all agreements invalid and unenforceable as a matter of law. We do not agree. The plaintiffs did not allege any fact that would constitute an action to recover "upon an illegal contract", as claimed in point three.

■ While the evidence shows that the liquor license was in the names of the plaintiffs only during all of the time that the Marine Club was operated as a going business, there is also evidence of probative value that at the time of the sale to the defendant, it was specifically discussed that

the defendant would acquire his own liquor license. What was sold were the assets of the business. The liquor license was not transferable under Tex.Penal Code Ann. art. 666–1 et seq. (1974). No attempt was made to transfer such a license to the defendant as part of the sale. A contract is not rendered illegal simply because in carrying it out illegal acts are committed. *Erminger v. Daniel,* 185 S.W.2d 148 (Tex. Civ.App.—San Antonio 1945, writ ref'd. w. o. m.). The fact that the defendant may have operated the business after he purchased it under the liquor license that was then outstanding in the names of the plaintiffs did not render the contract, legal when made, illegal because of the defendant's actions. The contract upon which the plaintiffs sued, as alleged in the petition, must be held to be valid, not illegal. See *Lewis v. Davis,* 145 Tex. 468, 199 S.W.2d 146 (1947). Points three and four are overruled.

As between the IRS and the plaintiffs, who held the taxpayer's identification number in their names, the IRS looked to the plaintiffs for the payment of all withholding and FICA taxes that became due as long as such identification number was outstanding and remained unchanged. However, that fact did not alter or affect the agreement between the plaintiffs and the defendant in which the defendant assumed and agreed to pay taxes due and owing to the IRS which had accrued to the date of sale (April 10, 1970). The IRS had a legal right to insist that such taxes be paid by the plaintiffs and the defendant. The testimony of Cassidy, who stated that the IRS made a demand on him for the payment of such taxes, and that he paid the same in the several amounts specified, was sufficient to prove the amount paid by him. Under the circumstances, Cassidy was not required to present a receipt from the IRS as the best evidence of his payment of such taxes. The plaintiff Cassidy had personal knowledge of that fact. His testimony constitutes original evidence that he paid the taxes to IRS following the demand made on him. See 23 Tex.Jur.2d, Evidence, § 223. Cassidy was not a volunteer, and did not sue the defendant for recovery of the amount of money paid by him to the IRS under any theory of subrogation. Points five, six and seven are overruled.

We have carefully considered all of the remaining points of error brought forward in this appeal by the defendant. None present reversible error. All are overruled.

The judgment of the trial court is AFFIRMED.