**Samuel D. SIMS, Appellant,**

v.

**Horace B. HILL, Appellee.**

No. 1818.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 21, 1978.

Alvin L. Freeman, Freeman & Rockwell, Houston, for appellant.

Charles J. Sullivan, Sullivan, Bailey, King & Sabom, Houston, for appellee.

CIRE, Justice.

Samuel D. Sims appeals from a judgment which awarded him $5,449.00 as his portion of the partnership interest between him and Horace B. Hill, appellee.

Sims filed his original petition in July 1975, alleging that he had entered into a verbal partnership agreement with Hill for the purpose of establishing and operating a certified public accounting practice. His petition detailed the alleged nature, extent, terms, and value of the alleged partnership and the alleged value of his interest therein. He claimed that he was given an initial twenty percent interest in the partnership and the alleged agreement called for an

incremental two percent increase per year. Sims alleged that, at the time he withdrew from the partnership in January 1974, he had a twenty-two percent interest in the partnership which had a value of $31,050.88. Sims apparently arrived at this monetary figure by examining the partnership books. He allegedly considered the accounts receivable, cash on hand, fixtures, equipment, and unpaid liabilities.

Hill's original answer was an unverified general denial. He subsequently filed an amended answer in which he admitted that he had entered into an oral agreement with Sims to form an accounting partnership. However, Hill denied the partnership was based on the terms as alleged by Sims. Hill's amended answer was also unverified.

The trial court heard the case in August 1977. At the commencement of the trial Sims moved for "judgment on the pleadings" due to the fact that Hill had failed to deny the existence of the partnership as required by Texas Rule of Civil Procedure 93(f). The trial court refused the motion and additionally refused to allow Hill by amendment to properly verify his amended answer. The trial court ruled that Hill's failure to properly verify his denial constituted an admission that a partnership existed between the parties. However, under that ruling, Sims still had the burden of proving the terms of the partnership. Both parties introduced evidence, and, after the parties had rested, the trial court entered judgment awarding Sims $5,449.00. The court also made findings of fact and conclusions of law. Included in the various findings was the finding that the money awarded to Sims represented his twenty-two percent interest in the partnership and also that Hill's answers to Sims' request for admissions constituted pleadings pursuant to Texas Rule of Civil Procedure 169.

Sims appeals, asserting two points of error committed by the trial court. His first point claims that the trial court erred in admitting Hill's evidence regarding the nature, extent, and value of the partnership and Sims' interest therein. Sims claims that Hill should have been precluded from adducing any evidence regarding the nature of the partnership because Hill failed to file a verified denial denying the existence of the partnership as required by Rule 93(f).

■ Rule 93(f) requires that "[a] denial of partnership as alleged in any pleading as to any party to the suit" be verified by affidavit. Hill failed to comply with this rule. We have examined the authorities under Rule 93(f) and conclude that a failure to verify a denial of partnership results in an admission of its existence; it cannot properly be contradicted at trial. *See Coulson v. Alvis Auto Rentals, Inc.,* 352 S.W.2d 849 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n. r. e.); *Howell v. Bowden,* 368 S.W.2d 842 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.); *Hosack v. Cassidy,* 543 S.W.2d 202 (Tex.Civ.App.—Corpus Christi 1976, no writ). However, the cases under Rule 93(f) do not blindly accept the nature, extent, terms, and value of the partnership simply from the pleadings; they cite evidence to support the pleadings. *See, e. g., Howell, supra.*

■ In the case before us, Hill admitted the partnership. Indeed, he was precluded from denying the existence of the partnership under Rule 93(f). But the trial court did not accept, on its face, the allegations of Sims' petition regarding the nature, extent, terms, and value of the partnership. It is clear that a controversy existed with regard to its value. Both parties introduced evidence and exhibits and the court arrived at a proper conclusion; it found that Sims had a twenty-two percent interest in the partnership and proceeded to determine the monetary value of that percentage. We think the trial court's action was proper and we overrule appellant Sims' first point of error.

■ Sims' second point claims that the trial court erred in holding that his request for admissions from Hill and Hill's answers to those admissions constituted pleadings. We agree that the trial court erred in its first conclusion of law when it held that admissions under Rule 169 constitute pleadings; they are not pleadings according to the Texas Rules of Civil Procedure. Petitions and answers constitute pleadings.

Tex.R.Civ.P. 45. However, because of our holding regarding Rule 93(f), the error was harmless.

Appellant Sims' two points of error are hereby overruled. The trial court's award of $5,449.00 to Sims is affirmed.

Affirmed.