



## MEMORANDUM OPINION

No. 04-10-00782-CV

Stephen **KENNEDY**,
Appellant

v.

Richard **SCIARAFFA**, Sr.,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-11973
The Honorable Renée F. McElhaney, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  December 7, 2011

AFFIRMED

This appeal arises from a take-nothing judgment in favor of appellee.  The underlying lawsuit began when Herbert Polinard, Jr. sued appellee, Richard Sciaraffa, Sr. ("Sciaraffa"), and his son, Richard Sciaraffa, Jr.  Appellant, Stephen Kennedy, intervened, asserting claims against Sciaraffa.  The trial court severed Kennedy's claims against Sciaraffa from Polinard's claims against Sciaraffa and his son.  After a jury trial, the trial court rendered a take-nothing judgment against Kennedy in favor of Sciaraffa.  Kennedy now appeals.  We affirm.

**DENIAL OF PARTNERSHIP AGREEMENT**

The history of the dispute between the various parties is not relevant to our disposition of the appeal; therefore, we note only that the dispute arose over an alleged contract as described in the question to the jury, which asked whether a partnership existed between Sciaraffa, Polinard, and Kennedy "for development of property in the Tobin Hills and Monte Vista neighborhoods of San Antonio." The jury replied "no." In his first issue, Kennedy complains that although Sciaraffa denied the existence of a partnership, Sciaraffa failed to file a pleading, verified by his affidavit, denying the partnership.

Unless the truth of the matter appears of record, a pleading setting up the denial of a partnership as alleged in any pleading as to any party to the suit shall be verified by affidavit. TEX. R. CIV. P. 93(5). Kennedy contends that because Sciaraffa did not comply with Rule 93(5), the existence of the partnership is deemed admitted. *See Sims v. Hill*, 567 S.W.2d 912, 913 (Tex. Civ. App.—Houston [14th Dist.] 1978, no writ) (holding failure to deny partnership status by verified denial results in admission of partnership's existence that cannot be controverted at trial.). Kennedy also contends that after the severance, Sciaraffa filed a verification signed by Sciaraffa's attorney. Kennedy asserts this verification is improper because Sciaraffa's attorney had no personal knowledge of the facts.

We cannot consider whether a trial court has erred or whether a party has been prejudiced by any error unless the record relating to the alleged error is before us. *Foust v. Estate of Walters*, 21 S.W.3d 495, 504 (Tex. App.—San Antonio 2000, pet. denied). The verification allegedly filed by Sciaraffa's attorney is not contained in the record on appeal. Nor does the clerk's record on appeal contain a copy of Kennedy's petition or any answer filed by Sciaraffa. Kennedy notes in his appellate brief that the appellate record does not contain pleadings filed

before the severance, but the Texas Rules of Appellate Procedure allow for supplementation of the record if "a relevant item has been omitted from the clerk's record . . . ." *See* TEX. R. APP. P. 34.5(c)(1),(3). Based on this incomplete record, we cannot consider the merits of Kennedy's complaint.

## EVIDENCE OF PRIOR SUMMARY JUDGMENT

At trial, Sciaraffa testified about the still-pending lawsuit between himself and Polinard. One of the causes of action in that suit also involved the existence of an alleged partnership. When Sciaraffa was asked whether the trial court "granted [him] summary judgment on that cause of action," Kennedy objected on the grounds that the summary judgment was "procedural, not on the merits" and the summary judgment was not yet final. The objection was overruled and Sciaraffa replied affirmatively. On appeal, Kennedy asserts the trial court erred in allowing Sciaraffa to present evidence that the trial court granted Sciaraffa's motion for summary judgment in the other lawsuit because, according to Kennedy, the summary judgment was not final at the time of Kennedy's lawsuit against Sciaraffa.

Again the record on appeal does not contain any pleadings or court orders supporting Kennedy's contention. Further, even if the trial court erred in allowing testimony that summary judgment was rendered in the Polinard versus Sciaraffa lawsuit, Kennedy has not shown the "error probably caused the rendition of an improper judgment" against him. *See* TEX. R. APP. P. 44.1(a). The basis of Sciaraffa's motion for summary judgment was not discussed; therefore, the jury was not told why the motion was granted. In fact, during cross-examination, when Kennedy tried to get Sciaraffa to admit the summary judgment was granted on procedural grounds only, Sciaraffa's attorney objected and stated, "[Sciaraffa] has already testified that he doesn't know

the basis under which that summary judgment was granted. All he knows is that it was granted." Accordingly, on this record, we must conclude any error was harmless.

## SUFFICIENCY OF THE EVIDENCE

In his final issue on appeal, Kennedy asserts the evidence is legally insufficient because no evidence was placed before the jury that a partnership did not exist between himself, Sciaraffa, and Polinard. We disagree. Kennedy concedes no written agreement exists, but he contends an oral "handshake" agreement did exist. As to any oral agreement, Sciaraffa testified he does not believe in partners and he would not consider a "handshake deal" with regard to real estate. When a party challenges the legal sufficiency of the evidence, we "must view the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In conducting our review, we are mindful that the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Id.* at 819. In this case, the jury apparently believed Sciaraffa that no partnership agreement existed, and we cannot substitute our judgment for that of the jury. *See id.*

## CONCLUSION

We overrule Kennedy's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice