### COSNER et al. v. WELLER.

### No. 3164.

Court of Civil Appeals of Texas. Beaumont.

Nov. 2, 1937.

Rehearing Denied Nov. 10, 1937.

Niel E. Beaton and W. C. Douglas, both of San Antonio, for appellants.

Bonham & Weller, of San Antonio, for appellee.

WALKER, Chief Justice.

On the 4th day of August, 1936, in county court at law No. 2, in and for Bexar county, appellee, Cyrus B. Weller, recovered judgment against C. T. Hager and appellants, Joe and J. J. Cosner, on an instructed verdict, for the sum of $367, with interest at 6 per cent. per annum from the 16th day of March, 1936. The Cosners duly perfected their appeal to the San Antonio Court of Civil Appeals. The case is before us on order of transfer by the Supreme Court.

Appellee loaned to C. T. Hager certain sums of money; his judgment was for the unpaid balances. The theory of his petition was that the Cosners were in fact partners with Hager, doing business under the following written agreement:

"It is mutually understood that C. T. Hager, J. W. Cosner, and J. J. Cosner are contemplating the forming and conducting of a business to be known as the Air Conditioning and Appliance Company, in the City of San Antonio, Texas; their business to be known, as the name implies, air conditioning and appliances.

"It is agreed that the interest in the business, later to be incorporated, is as follows: C. T. Hager, 50 per cent; J. W. Cosner and J. J. Cosner, the remaining 50 per cent interest.

"On this day J. W. Cosner has advanced the initial sum of $500.00 the benefit of the Air Conditioning and Appliance Company, and further advances for the benefit of the partnership, or corporation, will be made from time to time as mutually agreed upon. This, and other and further advances or credits, are to be repaid before dividends are distributed on any interest or stock in the enterprise.

"Mr. C. T. Hager is to be in active charge of the business, and is to be compensated with a weekly salary to be agreed upon from time to time.

"The undersigned acknowledge receipt, this day, of the $500.00 from J. W. Cosner, and this sum deposited in the Alamo National Bank in the account of Air Conditioning and Appliance Company, which bank shall be designated as the depository for all funds of the partnership, or corporation.

"It is understood this is merely memorandum of agreement pending permanent organization for the conducting and operation of the business to be known as the Air Conditioning and Appliance Company, with its principle place of business at 804 Navarro Street, San Antonio, Texas.

"[Signed]     C. T. Hager
               "J. J. Cosner";

and, if the partnership was subsequently dissolved, the Cosners were estopped to deny its dissolution, and were estopped to deny the existence of the partnership. The Cosners answered denying the partnership. The evidence did not support the instructed verdict. Hager conducted a business under the name of "Air Conditioning and Appliance Company," and under that name appellee loaned him the money sued for. Appellee knew of the existence of the agreement executed by Hager and J. J. Cosner, and that Joe Cosner had not joined in its execution. He advanced the money to Hager without talking to the Cosners or without authority directly from them, relying on the written agreement and upon certain representations made to him by Hager. The Cosners testified that they never formed a partnership with Hager and never dealt with him as partners; they discussed with him the forming of the partnership; as stated in the agreement, they "were contemplating the forming and conducting of a business"; but they never became partners in the business. To help Hager start his business they testified that about the time the agreement was executed, they loaned him $500, and later $1,600; this money was not advanced by them as partners but was a mere loan.

Since the written instrument did not create the partnership and the Cosners denied they ever formed the partnership, the in-

structed verdict was without support on the theory of a partnership in fact. Appellants did no act and made no statement creating against them in favor of appellee a partnership by estoppel.

The judgment of the lower court is affirmed against C. T. Hager, and reversed and remanded as to Joe and J. J. Cosner.

Affirmed in part, and in part reversed and remanded.