John A. PETTY, Appellant,

v.

FIRST NATIONAL BANK OF QUITMAN, Texas, Appellee.

No. 6800.

Court of Civil Appeals of Texas.

Texarkana.

April 7, 1955.

Rehearing Denied May 5, 1955.

Hurst & Burke, Longview, for appellant.

Ben Goodwin, Tyler, W. W. Harris, Quitman, for appellee.

DAVIS, Justice.

This is an appeal from an order of the District Court of Wood County overruling the plea of privilege of appellant, John A. Petty, to be sued in Gregg County, the county of his residence.

Appellee-plaintiff sued Joe J. Wilson and John A. Petty. The suit was based upon three separate notes executed by Joe J. Wilson in his individual name and capacity and payable to the order of appellee at Quitman in Wood County, Texas. In its first and main pleading, appellee alleged only a cause of action against the defendant Joe J. Wilson upon the notes. It also alleged a contract between Joe J. Wilson and John A. Petty, in which contract Joe J. Wilson, as sub-contractor, was to furnish all materials and perform all work upon a certain contract which John A. Petty, as prime contractor, had secured from the United States Department of Agriculture, Soil Conservation Service, for construction of water flow retarding structures near Corsicana, in Navarro County, Texas. Wilson was to receive 90% of the prime contract under his sub-contract. There was a provision in the sub-contract that all payments made under it would be made payable jointly to sub-contractor (Joe J. Wilson) and the First National Bank of Quitman, Texas. Appellee further alleged that material and labor had been furnished and performed by Joe J. Wilson for John A. Petty, the prime contractor, in the sum of $18,468, and all of said accounts had been assigned by Wilson to appellee by written instrument dated December 15, 1953, and that said sums of money were due by Petty to Wilson under the contract and had not been paid to either Wilson or appellee.

There was no prayer for relief to the main or original pleading.

Commencing with a duplicate numbered paragraph in its pleadings (there being two paragraphs numbered VII); appellee alleged:

"Pleading in the alternative, and only in the alternative, plaintiff, First National Bank of Quitman, Texas, would show to the Court that if it is mistaken and there is a partnership existing between John A. Petty, Contractor and Joe J. Wilson, Contractor, that all work done and performed by Joe J. Wilson was done and performed by Joe J. Wilson doing business with John A. Petty contractor *contractor*, and that together Joe J. Wilson and John A. Petty bid the jobs *refered* to in the contract listed herein attached hereto and made a part hereof, and dated the 30th day of October, 1953, and that as a partner of Joe J. Wilson the said John A. Petty, contractor, is liable to Joe J. Wilson and the First National Bank of Quitman, Texas in the sum of $18,-468.00 which is shown by the assignments a copy of which is attached hereto and made a part hereof. And that the said Joe J. Wilson and John A. Petty, as partners are liable to the First National Bank of Quitman, Texas for the notes set out in Paragraph I, Paragraph II, Paragraph III, of this Petition, which paragraphs are made a part hereof as fully and completely as if copied herein."

■ There is no specific allegation of the existence of a partnership and we are unable to find any allegation in the pleadings either main or alternative that would constitute the existence of a partnership in either fact or law. The only allegation pertaining to the existence of the partnership is that above quoted. The most liberal construction that could be placed upon such allegation in favor of appellee would be to construe the same to the effect that appellee only alleged that "if" there was a partnership, then the subsequent allegations would apply.

Appellant timely filed his plea of privilege which was controverted and the hearing was had before the court without a jury.

■ Appellant brings forward nine points of error. By point 1 he complains of the action of the trial court in overruling his plea of privilege and argues that the pleadings and the evidence are wholly insufficient to support the existence of a partnership or any liability on the notes by appellant. Appellee counters with the proposition that the issue of partnership is not properly before this court because appellant failed to deny under oath in his plea of privilege that a partnership existed between appellant and defendant Joe J. Wilson. This contention would be sound except for the fact that there was no allegation of partnership. We agree that under the present wording of Rule 86, Texas Rules of Civil Procedure that a partnership, when alleged, must be denied under oath in the plea of privilege unless, as provided by Rule 93, the truth of such matters appear of record. Moore v. James, Tex.Civ.App., 242 S.W.2d 958, mandamus overruled; Foster v. Pace Packing Co., Tex.Civ.App., 269 S.W.2d 929.

The notes sued upon, together with the chattel mortgage, were all offered in evidence and a default judgment was taken against Joe J. Wilson.

The sub-contract between Wilson and Petty was offered in evidence by appellee,

along with some correspondence between Petty and appellee and Petty and Wilson.

There were also bills for material, labor and services performed by Wilson under the sub-contract offered in evidence wherein Wilson billed Petty for work that was done under the sub-contract.

Only two witnesses testified in the case. C. L. Shamburger, president of the bank, was offered as a witness to identify all of plaintiff's exhibits and verify the fact that the notes sued upon had not been paid.

■ Appellant, Petty, was called by appellee, not under the adverse witness rule, but as a witness for appellee. The appellee attempted to show the existence of some working agreement between Wilson and Petty other than the sub-contract. Petty steadfastly denied the existence of any agreement or the performance of any act that would tend to denote the slightest element of any contractual agreement between Wilson and Petty or the existence of any partnership relations between them. Having offered the evidence, appellee was bound by it.

■ We are confronted with a rather peculiar situation on the appellee's part. There being no prayer for relief under the original or main pleading, it seems to us that the probable alternative plea is nothing more than an inconsistent plea because there is no alternative prayer for relief. We think that if the plaintiff was entitled to recover under its main pleading, which unquestionably it was entitled to do, then it could not recover under the alternative plea. And we do not think that the allegations that "if" a partnership existed is sufficient to require the denial of such allegations under oath. Be that as it may, where appellee attempted to prove the existence of a partnership and the defendant (appellant) was permitted to offer evidence in denial of the partnership without objection, in absence of a sworn denial of partnership, appellee waived objection to absence of sworn denial and cannot raise such objection for the first time on appeal. Shaw v. Porter, Tex.Civ.App., 190 S.W.2d 396, ref.

w. m. The inconsistent allegation in the absence of an alternative prayer for relief should have been stricken on motion had such motion been made. 71 C.J.S., Pleading, § 468, p. 976; 33 Tex.Jur. 420, sec. 10.

There is no fixed definition of a partnership; therefore, there can be no fixed form of pleading to allege same. But, a petition should allege the existence of some of the facts essentially necessary to constitute a partnership in order to put the alleged partner on notice of the proof to be offered against him. 32 Tex.Jur. 391, sec. 110.

For definitions of a partnership, see 68 C.J.S., Partnership, § 1(1), p. 398; 31 Words and Phrases, Partnership, 167–168, and 1955 Cumulative Pocket Part, under sub-heading In General; 32 Tex.Jur. 215–216, sec. 2; Gardner v. Wesner, Tex.Civ.App., 55 S.W.2d 1104.

There being no allegations or proof of partnership, point 1 is sustained.

By points 2 through 9, appellant complains of the errors of the trial court in its findings of fact and conclusions of law. The findings and conclusions complained of are as follows:

Findings of Fact Complained of.

"That elements usually appearing in partnerships are present in facts disclosed here, that is,

"(1) A common undertaking;

"(2) A venture for profit;

"(3) Common control and direction including stopping and starting work on job contracted for, hiring and terminating employees doing such work, financing payrolls and equipment, etc.;

"(4) Each party participating in profit and losses.

"Both John A. Petty and Joe J. Wilson agreed to a division of the proceeds to be paid under the provisions of the prime contract; that is, John A. Petty was to receive 10% clear and Wilson was to receive 90% out of which portion the cost of the job was to be paid.

"The objective of both John A. Petty under the prime contract and Joe J. Wilson in the relationship assumed by these two parties was the accomplishment of the work contracted for in accordance with the contractual specifications, both agreed with each other to accomplish the same work.

"To accomplish this work John A. Petty agreed to and did prior to December 14, 1953, furnish money to meet the Joe J. Wilson payroll of employees on the contract job and furnished or rented equipment necessary to its performance; and,

"That the parties by reason of the nature of the work performed, the Government contract, and their relation with each other, recognized their liability to share any losses growing out of the performance of the contract."

Conclusions of Law Complained of.

"Partnerships are not established by any hard and fast sets of rules, but such relations must be gathered from all the facts and a reasonable conclusion from such facts, that while the parties John A. Petty and Joe J. Wilson did not think of themselves or refer to themselves as partners, their acts and conduct constituted such a relation, and the money borrowed by Joe J. Wilson to forward the work was a partnership obligation.

"That the note dated December 14 payable to the First National Bank of Quitman, Texas on demand, was an obligation of the partnership of Joe J. Wilson and John A. Petty and a suit to enforce the obligations created can be maintained in Wood County, Texas.

"That the defendant, John A. Petty's plea of privilege should be overruled and denied."

The finding (1) a common undertaking, is not supported by either pleading

or proof. It will be noted (2) the court did not find a "joint" venture for profit.

There was evidence that Petty under his prime contract with the Government was bound to save the Government harmless from any labor or material furnished to or by a subcontractor and was under bond to do so. This, undoubtedly, was to protect the Government from any levy of any labor or mechanic's lien. Therefore, the finding (3) constitutes no element of a partnership under the prime contract or the subcontract. The subcontract, in keeping with the terms and provisions of the prime contract; required that all work done was subject to the approval of the inspector, or engineer of the Government. Therefore, when Wilson failed to perform to the satisfaction of the inspector or engineer of the Government, they notified the prime contractor, Petty, who then had to take such action as was necessary to protect himself and the Government.

There is neither pleading nor proof to support the finding (4) above.

There is neither pleading or proof to support the other findings of fact made by the trial court. If such findings constituted a prime contractor and subcontractor partners as a matter of law, it would put an end to subcontracting in Texas. Neither is there a single allegation, nor a word of proof that the money borrowed by Joe J. Wilson was for the partnership. There is no allegation of any acts whereby Wilson and Petty pooled either money, effects, labor or skill, or some or all of them, in a common effort and agreed to divide the profit and bear the loss in certain proportions.

From what we have said about the findings of fact, there can be no reasonable basis for the conclusions of law found by the court. Points 2 through 9 are sustained.

The evidence further shows that the bills offered in evidence by the plaintiff were bills from Wilson to Petty. This would be a rather unusual practice in the history of partnerships. If they were partners, why would Petty be liable to Wilson for labor done and material furnished? We think

this proof is conclusively against the contention of a partnership rather than supports it. For further holdings as to what it takes to constitute a partnership see Ward v. Thompson, 22 How. 330, 16 L.Ed 249; Sheehan v. Hudman, Tex.Civ.App., 49 S.W. 2d 953; Cosner v. Weller, Tex.Civ.App., 109 S.W.2d 1033 (no writ history).

For the errors hereinabove pointed out, the judgment of the trial court is reversed and the judgment is here rendered sustaining the plea of privilege of appellant, John A. Petty, and ordering the case transferred to the District Court of Gregg County, Texas, and it is so ordered.