Daniel H. HENNIGAN, Appellant,

v.

HARRIS COUNTY, Texas, et al., Appellees.

No. 6022.

Court of Civil Appeals of Texas, Waco.

Dec. 31, 1979.

Rehearing Denied Jan. 24, 1980.

Daniel H. Hennigan, Fred L. Fraser, Houston, for appellant.

Joe Resweber, County Atty., Billy E. Lee, Theodore H. Wu, Jr., Asst. County Attys., for appellees.

OPINION

JAMES, Justice.

This is a fraud case. Plaintiff-Appellees Harris County and Walter H. Rankin, Constable of Precinct No. 1 of Harris County, Texas, brought this suit against Defendants Patricia Colleen Thomas Belvin and her attorney, Daniel H. Hennigan, Appellant herein, for damages for alleged fraud on the part of Defendant-Appellant Hennigan.

During the years 1972 and 1973, Defendant-Appellant Hennigan was the attorney representing Defendant Mrs. Belvin in a divorce proceeding in Harris County, Texas. On March 27, 1973, the trial court entered a judgment of divorce in which Mrs. Belvin was awarded $850.00 as attorney's fees against her then husband, Stanley R. Belvin, on behalf of herself and her attorney, Daniel H. Hennigan. Pursuant to said divorce judgment, Lawyer Hennigan presented a writ of execution to Constable Rankin with instructions to levy upon a specific boat which was asserted by Hennigan to be owned by Stanley R. Belvin. Constable Rankin demanded an indemnity bond before making a levy upon the boat. Lawyer Hennigan refused to post the indemnity bond. When the writ of execution expired unexecuted, Hennigan filed a motion under Articles 3825 and 3826, Vernon's Texas Civil Statutes, against the Constable, also impleading his surety on his official bond, to wit, Lawyers Surety Corporation.

Hearing on the motion was held on October 1, 1973, after which the trial court made it known that it would grant the motion and thereby render judgment in favor of Mrs. Belvin against Constable Rankin and his surety in the amount of $850.00 plus

interest and costs. However, the court did not sign this judgment until October 23, 1973. Between the date of the hearing and the date of the signing of the judgment, to wit, on October 15, 1973, Mr. Belvin, the defendant in the execution, paid Lawyer Hennigan $600.00 by check dated October 15, 1973, payable to McCauley and Hennigan Law Firm, marked, "Paid in full", which was deposited that same day in Hennigan's bank account. The fact of the payment by Mr. Belvin of the attorney's fees was not disclosed to the court nor to the defendants in the motion (Constable Rankin and his surety) nor was it shown in the judgment signed by the court on October 23, 1973.

Because of the effect of the judgment of October 23, 1973 against him, Constable Rankin deemed it necessary to perfect an appeal from said judgment, and thereafter he incurred out-of-pocket expenses incident to prosecuting such appeal. Such case was appealed to the Court of Civil Appeals and was affirmed by said Court. See *Rankin v. Belvin* (Houston 14th Tex.Civ.App.1974) 507 S.W.2d 908. Constable Rankin filed an application for writ of error to the Supreme Court of Texas, whereupon the Supreme Court refused such writ of error marked, "Writ Refused, No Reversible Error."

After the appeal had cleared the Supreme Court, the mandate returned to the trial court for enforcement, and thereupon Hennigan obtained a writ of execution and placed it in the sheriff's hands for action against Constable Rankin and Lawyers Surety Corporation.

At this point Constable Rankin contacted Mr. Belvin in an effort to get Mr. Belvin to pay part or all of this $850.00 owing to Hennigan, and thereby discovered from Mr. Belvin that the judgment had been paid by Belvin to Hennigan prior to the signing of the judgment against Rankin and his surety. Constable Rankin discovered for the first time in October or November 1974 that Lawyer Hennigan had been paid this judgment by Belvin more than a year before.

Hennigan refused to pay the consequential damages sustained by the Constable in perfecting and prosecuting the appeals as above-described, thereby occasioning the filing of the suit now before us by Constable Rankin against Hennigan for fraud for Rankin's out-of-pocket expense, and by Harris County for $1500.00 paid by said County as attorney's fees in prosecuting Rankin's appeal.

Trial of the instant fraud case was had before the court without a jury, after which judgment was entered in favor of Constable Rankin against Hennigan in the amount of $888.50 plus interest and costs, and in favor of Harris County against Hennigan in the amount of $1500.00 plus interest and costs. Said judgment further provided that Plaintiffs take nothing against Defendant Mrs. Patricia Belvin.

The trial court made and filed Findings of Fact and Conclusions of Law as follows:

### "FINDINGS OF FACT

1. Stanley Belvin paid to Dan Hennigan $600.00 on October 15, 1973, by a check on which was noted 'Paid in Full' by the drawer. Said check was accepted and deposited to the account of Dan Hennigan that same day.

2. The judgment against Constable Rankin on the Article 3826 motion was not entered by the trial Court in that Cause until October 23, 1973, and the judgment was for the full amount of the judgment claim for attorney's fees due Dan Hennigan from Stanley Belvin.

3. Dan Hennigan did not disclose to the trial Court that he had been paid the attorney's fees adjudged against Stanley Belvin prior to entry of the trial Court judgment against Constable Rankin, nor did he make any disclosure of payment in brief or argument before the Court of Civil Appeals or the Supreme Court.

4. Subsequent to the entry of the judgment against Constable Rankin on the Article 3826 motion, the Constable actually paid or incurred legal obligations to pay $888.50 out-of-pocket expenses in prosecuting appeals from the judgment.

5. By stipulation of the parties in open Court, Harris County expended attorneys' services in the amount of $1,500.00 in its representation of Constable Rankin in appeals from the trial Court's judgment on the Article 3826 motion.

## "CONCLUSIONS OF LAW

1. The payment of $600.00 by check with the notation 'Paid in full' by Stanley Belvin to Dan Hennigan fully satisfied the then existing debt for attorney fees.

2. The failure to disclose that the attorney's fees had been paid to him resulted in entry of a Judgment that was fraudulent to Constable Rankin.

3. Dan Hennigan is liable for the consequential damages incurred by Constable Rankin in prosecuting appeals from the Judgment.

4. Dan Hennigan is liable for the consequential damages incurred by Harris County in furnishing attorney services in the prosecution of appeals from the judgment."

Defendant-Appellant Hennigan appeals upon two points of error asserting (1) "Plaintiffs have failed to plead and prove a cause of action which is actionable under Texas law," and (2) the judgment against Hennigan is based upon damages that are not recoverable as actual damages.

■ We revert to Appellant's first point, wherein Appellant contends that Plaintiff-Appellees have failed to plead and prove a cause of action which is actionable under Texas law. We overrule this point of error. Appellant's arguments as we understand them are: (1) If an attorney at law violates his professional responsibility by concealing facts where there is a duty to reveal them, there is no private remedy by way of a cause of action against him for fraud, but rather the remedy is a public one by way of professional disciplinary procedures as under the State Bar Act. Appellant has cited us no authority to support such a proposition, and we have found none. We see no reason why an attorney at law could not be held liable for actionable fraud as would anyone else. We reject this argument.

(2) Appellant further says that appellees have failed to plead and prove: (a) that Defendant-Appellant acted with intent to induce Constable Rankin to perfect and prosecute an appeal; nor (b) that Constable Rankin relied upon any silence of Defendant in effecting his appeal.

■ The elements of actionable fraud are: (1) Misrepresentation of a material fact; (2) with intention to induce action or inaction; (3) reliance by the plaintiff; and (4) damage. *Stone v. Lawyers Title Ins. Corp.* (Tex.1977) 554 S.W.2d 183; *Southwestern Indemnity Co. v. Cimarron Ins. Co.* (Waco Tex.Civ.App.1960) 334 S.W.2d 831, reversed on other grounds 161 Tex. 516, 344 S.W.2d 442.

■ We have carefully examined Plaintiffs' Original Petition, upon which they went to trial, and without detailing same, we hold that they allege a cause of action for fraud against Defendant-Appellant Hennigan. Moreover, Defendants Hennigan and Mrs. Belvin filed only a general denial, and levelled no special exceptions pointing out any defects in Plaintiffs' pleadings. Under this state of the record, Appellant has waived any asserted defects in Plaintiff-Appellees' pleadings. Rules 90, 91, Texas Rules of Civil Procedure.

The evidence in our opinion proves a cause of action against Appellant Hennigan for fraudulent concealment. As stated before, the divorce decree of March 27, 1973, provided that "Plaintiff (Mrs. Belvin) is hereby awarded $850.00 as attorney's fees on behalf of herself and her attorney of record Dan Hennigan, for which let execution issue if not timely paid." Hennigan presented a writ of execution to Constable Rankin with instructions to levy upon a specific boat, whereupon Constable Rankin refused to make the levy without an indemnity bond. Hennigan refused to post the indemnity bond. When the writ expired unexecuted, Hennigan filed a motion under articles 3825 and 3826, Vernon's Texas Civil Statutes, against Constable Rankin and the surety on his official bond.

The court heard the motion on October 1, 1973, after which hearing the court announced that it was sustaining the motion so as to enter judgment in favor of Hennigan and Mrs. Belvin against the Constable and Lawyers Surety Corporation. The court directed that Hennigan prepare the judgment for the judge's signature. Thereafter Hennigan prepared the judgment and circulated same to the attorneys, all of whom signed same showing their "approval as to form," and included in such signatures was that of Lawyer Hennigan. The judge signed the judgment on October 23, 1973. Between the date of the hearing (October 1) and the date the judge signed the judgment (October 23), to wit, on October 15, 1973, Mr. Belvin, the defendant in the divorce judgment, paid $600.00 to Hennigan in complete settlement of the $850.00 judgment against him, which was the basis for the $850.00 judgment Hennigan was obtaining against Constable Rankin and his surety. This was the finding of fact made by the trial court in the instant case which finding is not attacked by Appellant. So having been settled with in full on October 15 of his pending judgment against the Constable seven days before the trial court entered judgment against the Constable, Appellant Hennigan went right ahead and got the judgment signed against the Constable and his surety, knowing full well that if the facts were known that such judgment against the Constable and his surety would have been moot. In other words, Appellant kept silent and never told the court, opposing counsel, or anyone else connected with this case that he had already received full satisfaction of his judgment. Appellant's own testimony also shows that he knew before the judgment was signed that the judgment would be appealed from, and as a lawyer he further knew that such appeal would entail additional costs. Nevertheless, Appellant kept his silence and not only got his judgment signed by the trial court, but maintained his silence and concealment through the Court of Civil Appeals and the Supreme Court of Texas.

■ The payment to Hennigan by Belvin released the judgment against Belvin as a matter of law, and made moot the judgment Hennigan took against Constable Rankin and his surety. See *Hunt v. Ziegler* (San Antonio Tex.Civ.App.1925) 271 S.W. 936, affirmed, *Ziegler v. Hunt* (Tex.Com.App.1926) 280 S.W. 546, opinion adopted; *City of Mesquite v. Rawlins* (Tyler Tex.Civ.App.1966) 399 S.W.2d 162, NRE; *Broadway Plan v. Ravenstein* (Fort Worth Tex.Civ.App.1963) 364 S.W.2d 741, NRE. Our Supreme Court in *City of West University Place v. Martin* (1939) 132 Tex. 354, 123 S.W.2d 638 at page 639 said: "The rule is generally accepted that appellate courts do not decide cases where no actual controversy exists between the parties at the time of the hearing."

■ Where there is a duty to speak, silence may be as misleading as a positive misrepresentation of existing facts. *Humble Oil & Refining Co. v. Harrison* (Tex.1947) 146 Tex. 216, 205 S.W.2d 355; *Johnson v. Sovereign Camp, W.O.W.* (1935) 125 Tex. 329, 83 S.W.2d 605; *Ruebeck v. Hunt* (Waco Tex.Civ.App.1943) 171 S.W.2d 895, affirmed, 142 Tex. 167, 176 S.W.2d 738; *Susanoil, Inc. v. Continental Oil Co.* (San Antonio Tex.Civ.App.1975) 519 S.W.2d 230, NRE; *Rowntree v. Rice* (San Antonio Tex.Civ.App.1968) 426 S.W.2d 890, NRE; 25 Tex.Jur.2d, "Fraud and Deceit," Section 35, page 665.

■ In the case at bar, Appellant had the duty to inform the trial court and opposing parties that his judgment had been satisfied, thereby rendering the pending proceedings between him and Constable Rankin moot. Instead, he remained silent and concealed these very vital facts, knowing that the judgment would be appealed from, entailing expenditures of money on the part of Appellees. By his silent concealment, Appellant misrepresented a material fact that if known by the court and Appellees would have rendered the proceedings moot, knowing that such would induce an appeal of the case; such misrepresentation caused by Appellant's silence was relied upon by Appellees, the trial court, and the appellate courts, to Appellees' damage. Plaintiff-Ap-

pellees have pleaded and proved a cause of action against Defendant-Appellant Hennigan for fraudulent concealment. Appellant's first point is overruled.

 By his second and remaining point Appellant contends that the "only damages alleged and proved are not recoverable as actual damages." We overrule this point of error insofar as the judgment in favor of Constable Rankin is concerned. The $888.50 which the Constable recovered consisted of out-of-pocket expenses incurred and paid by him in connection with his appeal, and included premiums for an appeal bond and a supersedeas bond, a transcript of the trial court proceedings, court costs in the trial and appellate courts, and a reimbursement to his surety made pursuant to the indemnity provisions of his written agreement between himself and the surety on his official bond. All of these items in our opinion are recoverable as actual damages in a fraud case, and we accordingly affirm the trial court's judgment insofar as the recovery in favor of Constable Rankin against Hennigan is concerned.

However, the recovery by Appellee Harris County in the amount of $1500.00 against Hennigan presents a different problem. This $1500.00 recovery was for attorney's fees incurred by Harris County in behalf of Constable Rankin in prosecuting the appeal from the judgment of October 23, 1973, which Hennigan obtained against the Constable and his surety. Attorneys' fees are not recoverable as actual damages in fraud cases. *Morriss-Buick Co. v. Pondrom* (Com.App.1938) 131 Tex. 98, 113 S.W.2d 889, opinion adopted; *Belt v. McGehee* (Amarillo Tex.Civ.App.1928) 9 S.W.2d 407, no writ; also see *Reese v. Griffin* (Texarkana Tex.Civ.App.1955) 281 S.W.2d 353, no writ; 26 Tex.Jur.2d, "Fraud and Deceit," Section 139, p. 125. Therefore, we sustain Appellant's second point of error insofar as the $1500.00 recovery in favor of Harris County is concerned.

Appellees made no formal cross-point; however, they argue in their brief that the trial court erred in refusing to award them punitive or exemplary damages, because they say they are entitled to same as a matter of law. We do not agree. Appellees did not request nor did the court make, any findings with reference to whether Appellant acted wilfully or maliciously concerning the fraudulent concealment, nor what amount of money, if any, Appellees were entitled to by way of exemplary damages. Appellees had the burden of establishing such findings in their favor in order for them to be entitled to exemplary damages, which burden Appellees did not meet. We therefore overrule this contention.

For the reasons hereinabove stated, we accordingly reverse and render that part of the trial court's judgment wherein Harris County was awarded a recovery of $1500.00 against Defendant-Appellant Hennigan. In all other respects the judgment of the trial court is affirmed.

AFFIRMED IN PART AND REVERSED AND RENDERED IN PART.