**ANCHOR CRANE & HOIST SERVICE COMPANY, Appellant,**

**v.**

**SUMRALL PERSONNEL SERVICE, INC., Appellee.**

No. 20456.

Court of Civil Appeals of Texas, Dallas.

May 5, 1981.

Reid A. Rector, Dallas, for appellant.

Clint Brazelton, Jr., Witts & Wilson, Dallas, for appellee.

Before CARVER, STOREY and STEPHENS, JJ.

STOREY, Justice.

Sumrall Personnel service, Inc., an employment agency, sued Anchor Crane & Hoist Service Company on an oral contract to pay an employment commission. Trial was before the court and resulted in judgment for the plaintiff Sumrall. The trial court found that defendant contracted to pay 15 percent of an annual $20,000 salary as commission and that defendant had clothed its works manager with apparent authority to make the contract on defendant's behalf. Anchor Crane's principal com-

plaint on appeal is that there is insufficient evidence to support the finding of apparent authority. We hold that the finding is supported by the evidence and therefore affirm.

The test in determining the question of apparent authority is whether there is such conduct on the part of the principal as would lead a reasonably prudent person using diligence and discretion to believe that the agent had authority to act for the principal. *Chastain v. Cooper & Reed,* 152 Tex. 322, 257 S.W.2d 422 (Tex.1953). There is no dispute here that plaintiff referred the employee, an engineer, to defendant or that the employee was hired by defendant. The dispute is whether defendant's works manager had authority to contract to pay plaintiff a commission for its services. The case turns upon facts supplied by the testimony of three witnesses: Virginia Sumrall, plaintiff's vice president, Ed Warren, defendant's works manager and Laura Mays, defendant's president.

Sumrall testified that she telephoned defendant regarding placement of an engineer and was referred to Mays, who in turn referred her to Warren. She had several conversations with Warren and at one time asked him if they paid the applicant's fees. According to Sumrall, Warren replied that they would pay the fee only if they liked and wanted the applicant. Later, according to Sumrall, Warren called her after interviewing the applicant and asked the amount of the fee. Sumrall quoted a fee of 20 percent of the $20,000 annual salary. Warren considered this excessive and the fee was negotiated to 15 percent payable "one-half up front and the balance in 90 days."

Warren acknowledged discussing the matter on several occasions with Sumrall, but denied that they reached agreement on payment of a commission. He further testified that he had no authority to hire employees.

Mays also testified that Warren had no authority to hire employees, and that he did not authorize Warren to agree to pay a commission to Sumrall. With respect to his conversation with Sumrall, he testified:

The first conversation I had from her was the call that she initially called Anchor Crane was given to me as responsible for hiring, and I informed her that first off, yes, we were interested in an engineer, but first off Mr. Warren would need to interview the person, that he and I would get together later and discuss the salary and so forth.

Mays' testimony is not necessarily inconsistent with his assertion, and Warren's, that Warren did not have authority to hire employees. However, this authority is not the one in question in this case. The question is whether Warren was clothed with apparent authority to contract with Sumrall.

We conclude that the foregoing facts could lead a reasonably prudent person to believe that Warren was clothed with the authority which he presumed to exercise. We are persuaded in this regard by the fact that Sumrall was directed to Warren by the company's president, Mays. There is no dispute that Mays knew, at that time, the nature of Sumrall's business and the purpose of her call, namely, the placing of an engineer employee. Finally, the reasonable conclusion to be drawn from Mays' statement is that further discussion between him and Sumrall was unnecessary, but, on the contrary, his future consideration of the matter would be limited to discussion with Warren. These facts meet the test of *Chastain v. Cooper & Reed, supra* and support the trial court's finding of apparent authority.

Defendant contends further, however, that there were no pleadings to support the finding of apparent authority. While plaintiff did not expressly plead that Warren was clothed with apparent authority, such failure is not fatal in light of the fact that Anchor Crane, knowing that plaintiff was relying on Warren's authority as agent, did not except to the plaintiff's pleadings nor did it object to the evidence of apparent authority when offered. The issue of apparent authority was therefore tried by consent. *See Hennigan v. Harris*

*County*, 593 S.W.2d 380 (Tex.Civ.App.—Waco 1979, writ ref'd n. r. e.); *La Marque Independent School District v. Thompson*, 580 S.W.2d 670 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ; *Bugh v. Word*, 424 S.W.2d 274 (Tex.Civ.App.—Austin 1968, writ ref'd n. r. e.).

 Defendant next contends that there was insufficient evidence to support the court's finding that the parties had made a contract. We disagree. The testimony of Sumrall and Warren cited above demonstrates that this was a disputed fact issue. The trial court obviously chose to believe Sumrall's version of the dispute rather than Warren's. Similarly, we cannot agree that the evidence is insufficient to support the finding that $3,000 was a reasonable commission. Because the court found that the parties made a contract based upon 15 percent of an annual $20,000 salary as related by Sumrall, the finding of reasonableness was unnecessary.

Affirmed.

CARVER, Justice, dissenting.

I am unable to agree that when an employment agency calls a prospective employer on the telephone in an effort to place its client, an engineer, and is referred by the prospective employer's president to his subordinate for the stated purpose of an *interview with the engineer*, the subordinate is thereby, somehow, clothed with apparent authority to *hire the employment agency itself*. Accordingly, I dissent.

It is undisputed that Sumrall called Anchor Crane seeking to place an engineer, not seeking to place itself. It is undisputed that Sumrall's call was switched to Anchor Crane's President Mays. Sumrall could not remember the substance of the conversation with Mays, but Mays recalled the conversation as:

The first conversation I had from her was the call that she initially called Anchor Crane was given to me as responsible for hiring, and I informed her that first off, yes, we were interested in an engineer, but first off Mr. Warren would need to *interview* the person, that he and I would get together later and discuss the salary and so forth. [Emphasis added]

Sumrall did not dispute this recall by Mays in any way in the record. If the doctrine of apparent authority is applied to these undisputed facts, we could only say that Warren's apparent authority, if any, applied to the *hiring of an engineer*. Sumrall did not call Anchor Crane to get itself hired and Mays did not name Warren, the Works Manager, to interview an employment agency. The entire conduct and conversations of both Sumrall and Mays were devoted to possible hiring of an engineer. Sumrall testified that the subject of hiring or paying a fee to the employment agency first arose in a subsequent conversation with Warren, the purported agent, but fails to testify to any act of Anchor Crane, or its president, clothing the Works Manager with apparent authority to act for Anchor Crane on this new and different subject, i. e., hiring and agreeing to pay an employment agency.

*Chastain v. Cooper & Reed*, 152 Tex. 322, 257 S.W.2d 422 (Tex.1953) correctly holds that:

The doctrine of apparent authority is based on estoppel, and one seeking to charge a principal through the apparent authority of an agent to bind the principal must prove such conduct on the part of the principal as would lead a reasonably prudent person, using diligence and discretion, to suppose that the agent has the authority he purports to exercise. *Great American Casualty Co. v. Eichelberger*, Tex.Civ.App., 37 S.W.2d 1050, writ refused. In this case National Supply Company rests its case upon the conduct of Chastain in permitting Mitcham to make purchases in his behalf from such company on prior occasions.

257 S.W.2d at 427. In our case we do not find "prior occasions," as in *Chastain*, nor do we find prior conversations relating to subject matter. It would be absurd to say that Anchor Crane's president clothed Warren with authority to *hire the engineer* when his words were limited to *interview the engineer*. It would be even more ab-

surd to say that Anchor Crane's president clothed Warren with authority to *hire the employment agency* when his words were limited to *interview the engineer.*

Our case is not one for the application of the doctrine of apparent authority, but instead is a case for the application of the rule that notice to a third party of an agent's limited authority prevents the assertion of any greater authority, including "apparent authority." Sumrall, a third party, cannot actually remember, but does not deny that Mays, Anchor Crane's president, stated to her that Warren, the Works Manager, had the authority to *interview,* but not to fix the salary of a prospective engineer employee. It cannot be disputed that Warren's authority was "limited" both as to act (interview) and subject matter (engineer); and Sumrall had "notice" thereof. Our supreme court in *Douglass v. Panama, Inc.,* 504 S.W.2d 776 (Tex.1974) stated that:

> It is also the rule that apparent authority is not available where the other contracting party has notice of the limitation of the agent's power. *First National Bank of Coleman v. First National Bank of Brownwood,* 278 S.W. 188 (Tex.Com. App. 125); *Humble Oil & Refining Co. v. Wood,* 94 S.W.2d 573 (Tex.Civ.App. no writ hist.); Tex.Jur.2d Corporations, §§ 337–338.

Relying on *Douglass,* I would hold that since Sumrall had notice of Warren's limited authority to merely interview a prospective engineer employee, Sumrall cannot rely on the doctrine of "apparent authority" to support any other or greater authority, or, more particularly, to support Warren's hiring and agreeing to pay an employment agency.