**TRANSTEXAS GAS CORP., Transamerican Natural Gas Corp., and Transamerican Refining Corp., Plaintiffs,**

v.

**William L. STANLEY and Michael A. Pohl, Defendants.**

**Civ. A. No. L–94–172.**

United States District Court, S.D. Texas, Laredo Division.

Dec. 27, 1994.

John C. Nabors, Gardere & Wynne, Dallas, TX, C.M. Zaffirini, Zaffirini Castillo & Pellegrin, Laredo, TX, for Transtexas Gas Corp., Transamerican Natural Gas Corp., Transamerican Refining Corp.

Michael A. Pohl, Pohl & Bennett, Houston, TX, for William L. Stanley.

William T. Powell, Houston, TX, Robert G. Newman, Fulbright & Jaworski, San Antonio, TX, Ray H. Berk, Houston, TX, for Michael Pohl.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending before this Court is the Plaintiffs' motion to remand this case to state court. The Plaintiffs are affiliated energy companies owned by John R. Stanley. They originally filed this case in state district court against Mr. Stanley's son, Defendant William Stanley, and his attorney, Defendant Michael Pohl. The petition asserts claims for libel, slander, business disparagement, tortious interference with business relations, and civil conspiracy.

The Defendants removed the case to this Court on two separate grounds. First, they allege complete diversity of the parties under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332. They maintain that, although Defendant Pohl and the Plaintiffs are Texas citizens, Pohl is a nominal party whose citizenship must be disregarded in determining jurisdiction. The Defendants also ground jurisdiction in 28 U.S.C. § 1441(b) and 28 U.S.C. § 1441(a), arguing that the case "arises under" the First Amendment to the U.S. Constitution. The Plaintiffs contend that removal was improper because Defendant Pohl is not a nominal party and no federal question is present on the face of the state petition.

## I. Diversity Jurisdiction.

■ This Court must determine whether Defendant Pohl is a nominal party who was fraudulently joined to defeat this Court's subject-matter jurisdiction. As the removing parties, the Defendants must establish the existence of federal jurisdiction. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981). Where, as here, charges of fraudulent joinder are used to establish this jurisdiction, the burden of proving the alleged fraud falls upon the removing party. *Id.* The Defendants bear a "heavy" burden. They must show that there is "no possibility that the Plaintiff[s] would be able to establish a cause of action against the in-state defendant in state court; or that there has been

outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* The Plaintiffs assert five separate causes of action against Defendant Pohl. If there is any "possibility" whatsoever that even one of these five claims is valid, then the joinder of Pohl was proper, and the case must be remanded. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992); *B., Inc.*, 663 F.2d at 550.

■ To help the Court make this determination, the parties may submit affidavits and excerpts from deposition transcripts. The Plaintiffs may also, as they have done here, refer the Court to factual allegations in the verified state court petition. *B., Inc.*, 663 F.2d at 549. In making its ruling, the Court must resolve all disputed questions of fact and any uncertainties as to the current state of controlling substantive law in favor of the Plaintiffs. *Id.* at 549, 551.

■ One of the Plaintiffs' claims is for civil conspiracy. They allege that attorney Pohl conspired with Defendant Stanley and possibly others to "cause duress and extort and coerce money from the Plaintiffs to which they are not lawfully entitled." The Defendants contend that, as a matter of law, an attorney cannot be held liable for conspiring with his client. They note that an attorney is the agent of his client, and that an agent acting in the scope of his employment is considered an extension of his principal. If a principal and agent are considered to be a single legal person, the argument goes, then they cannot conspire together—for a conspiracy requires at least two people.

This argument flies in the face of well-established precedent. Texas appellate courts have held attorneys liable for conspiring with their clients to commit torts against third-parties. *E.g., Kirby v. Cruce*, 688 S.W.2d 161, 164–65 (Tex.Civ.App.—Dallas 1985, writ ref'd n.r.e.) (conspiracy to defraud); *Likover v. Sunflower Terrace II, Ltd.*, 696 S.W.2d 468, 472–73 (Tex.App.—Houston [1st Dist.] 1985, no writ) (conspiracy to defraud and conspiracy to force third-party to act under economic duress); *Hennigan v. Harris County*, 593 S.W.2d 380 (Tex. Civ.App.—Waco 1979, no writ) (conspiracy to defraud); *Bourland v. State*, 528 S.W.2d 350,

357 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.) (conspiracy to violate the Texas Deceptive Trade Practices Act). In each of these cases, the lawyer was acting within the scope of his employment as an attorney.

*Likover,* 696 S.W.2d at 472–73, is particularly important to the resolution of this case. The court of appeals upheld a jury verdict finding an attorney liable for conspiring with his client to force a third-party to pay money under duress. *Id.* This is precisely the claim against the Defendants. This case differs from *Likover* only in the means used in the attempt to exact money. While the defendants in *Likover* unlawfully withheld a signature from a document the plaintiff needed to consummate a land deal and avert financial disaster, the Defendants here allegedly threatened to continue a campaign of defamation and other acts aimed at destroying the Plaintiffs' ability to do business. Since both tactics constitute egregious economic coercion, this factual distinction is irrelevant—at least for the purpose of determining fraudulent joinder—since all uncertainties in the controlling substantive law must be resolved in favor of the Plaintiffs. *B., Inc.,* 663 F.2d at 549. Accordingly, the Court concludes that Texas law will hold an attorney liable for conspiring with his client to unlawfully coerce money from a third-party by threatening to make defamatory statements about the third-party.

The Court must next determine whether the Plaintiffs can possibly succeed under this cause of action. To hold Defendant Pohl liable for civil conspiracy, the Plaintiffs must prove that he and at least one other person combined to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex.1983). Specifically, the Plaintiffs must prove the following elements: (1) two or more persons (one of which is Pohl); (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result. *Id.; Likover,* 696 S.W.2d at 472.

The Plaintiffs have submitted the December 2, 1994 affidavit of their attorney, John C. Nabors. In it, Nabors states that Defendant Stanley told him he had entered into a "sharing agreement" with Defendant Pohl, under which the Defendants would share all monies recovered from John R. Stanley or the Plaintiffs. Nabors also states that Defendant Stanley informed him that he spent two hours each day scheming of new ways to cause "trouble" for the Plaintiffs, and that Pohl was assisting him in connection with "his activities involving his father and Transamerican."

The Plaintiffs' verified state court petition alleges that, pursuant to this scheme, Defendant Stanley made defamatory statements about the Plaintiffs' business practices to news agencies, investment bankers, and others. It also alleges that Defendants Stanley and Pohl timed these statements to "torpedo" an upcoming public debt offering in which the Plaintiffs hoped to use to raise $800 million for renovations to its Norco, Louisiana refinery. Nabors maintains in his affidavit that Defendant Stanley offered to cease these potentially-devastating acts in return for $10 million. The state-court complaint alleges that, although the Defendants have not succeeded in derailing the debt offering or exacting money from the Plaintiffs, they have caused the Plaintiffs substantial injury. These include unwarranted delays and expenses in raising capital for the Louisiana refinery and damages to the Plaintiffs' reputation in the business community and capital markets.

The Defendants have submitted their own affidavits swearing that neither defendant made any defamatory statements against the Plaintiffs. Moreover, Defendant Pohl states that he represents Defendant Stanley in an unrelated state-court action against Stanley's father. Pohl claims the "sharing agreement" referred to by Nabors is actually a standard contingency fee contract entitling him to forty percent of any recovery he obtains for his client in the state-court suit. The Defendants' affidavits proffer an entirely credible version of the facts; indeed the Court is skeptical that Plaintiffs can ultimately prevail against Pohl. "Tenuous" though it may be, however, the claim against Pohl has the "modicum of sturdiness" sufficient to withstand a

claim of fraudulent joinder. *Dodson,* 951 F.2d at 43.

The Defendants also insist that a conspiracy claim cannot be established even if factual disputes are resolved in the Plaintiffs' favor. They argue that none of the defamatory statements allegedly made by Defendant Stanley can serve as the requisite unlawful, overt act because they are privileged. *See McLean v. International Harvester Co.,* 817 F.2d 1214, 1220 n. 8 (5th Cir.1987) (stating that privileged statements cannot form the overt act required to prove a civil conspiracy).

■ The Defendants correctly note that communications made by a litigant or his attorney during court proceedings are absolutely privileged and immune from an action alleging defamation. *E.g., McLean,* 817 F.2d at 1220. This privilege attaches to all aspects of the proceedings, including statements made in open court, pretrial hearings, depositions, affidavits, and any other papers or pleadings in the case. *James v. Brown,* 637 S.W.2d 914, 916 (Tex.1982). One appellate court has extended it to out-of-court statements, but only if they bear "some relationship" to the pending litigation. *Hill v. Herald–Post Pub. Co., Inc.,* 877 S.W.2d 774, 783 (Tex.App.—El Paso 1994, no writ) (holding that delivery of pleadings in pending litigation to news media is privileged).

While the umbrella of immunity created by this privilege is broad, it is not broad enough to help the Defendants. Defendant *Stanley's state-court action against his father* stemmed from the elder Stanley's alleged attempts to avoid obligations he and his companies owed Defendant Stanley and his supply company. Defendant Stanley sued his father for breach of contract, tortious interference with business relations, defamation, and possibly other claims. *See* Plaintiff's Original Petition, *William Stanley v. John R. Stanley,* Cause No. 94–32055, 164th Judicial Dist., Harris County, Texas.

The Plaintiffs in the case at bar allege numerous instances of defamation. *See* Plaintiffs' Original Petition, *Transtexas Gas Corp., et al. v. William Stanley & Michael A. Pohl,* Cause No. 94–1252–D3, 341st Judicial Dist., Webb County, Texas, pg. 6. It appears that most, if not all, of the alleged defamatory statements forming the basis of this lawsuit are irrelevant to the prosecution of the Harris County case. These include, for instance, allegations that Transamerican buried toxic substances at its refineries and bribed public officials. Moreover, there is insufficient evidence to show that the timing or manner of the offending statements bore any relationship to the prior pending litigation.

The Defendants also argue that the Plaintiffs have failed to allege a valid overt act because each of the defamatory acts pled by the Plaintiffs and referred to in Nabors' affidavit was committed by Defendant Stanley. While this circumstance may defeat the Plaintiffs' defamation claims against Pohl, it does not defeat the conspiracy claim because an act by one conspirator satisfies the requirement as to all the conspirators. *E.g., Massey,* 652 S.W.2d at 934.

Because a possibility exists that the Plaintiffs can recover against Defendant Pohl under their civil conspiracy claim, Pohl is not a "fraudulent party." Consequently, this Court cannot assert subject-jurisdiction over this suit pursuant to §§ 1441(a) and 1332.

## II. Federal Question Jurisdiction.

■ The Defendants also maintain that the case is removable to this Court under 28 U.S.C. § 1442(b) because it "arises under" the U.S. Constitution. The Plaintiffs' petition included an application for a temporary restraining order (TRO) enjoining the Defendants from making public, non-privileged statements regarding activities allegedly carried out by the Plaintiffs. The Defendants believe this application, together with the state district court's subsequent issuance of the TRO, violated the Defendants' rights under the First Amendment to the U.S. Constitution.

■ Under the well-pleaded complaint rule, an action does not "arise under" federal law for the purposes of § 1331 unless it is *based upon* the Constitution or other laws of the United States. *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 150, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). This means that federal law must either create the plaintiff's

cause of action, *e.g., Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983); *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 258, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916), or if state law creates the cause of action, a federal law creating a cause of action must form an essential component of the plaintiff's claim, *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 817, 106 S.Ct. 3229, 3237, 92 L.Ed.2d 650 (1986).

State law, not the First Amendment, creates the Plaintiffs' cause of action. Nor does the First Amendment form an "essential" part of the cause of action as contemplated by *Merrell Dow.* The First Amendment provides only a potential defense to the granting of the TRO. The Supreme Court has repeatedly held that a federal defense does not provide a basis for subject-matter jurisdiction under § 1331. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 62, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987); *Merrell Dow,* 478 U.S. at 807, 106 S.Ct. at 3232. That the state district judge granted the Plaintiffs' application for the TRO prior to the Defendants' notice of removal does not alter this analysis, even if the order did suppress protected speech. The Court consequently cannot assert subject-matter jurisdiction over this case under §§ 1441(b) and 1331.

Having found that it lacks subject-matter jurisdiction, the Court GRANTS the Plaintiffs' motion to remand.